BRYAN, COLLECTOR OF THE PORT OF CHARLESTON *v.* KER, EXECUTRIX.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 3. Argued October 25, 26, 1911.—Decided November 20, 1911.

Although a writ which the court has power to issue in a proper case may have been irregularly issued, the marshal is authorized and bound to act thereunder if it comes into his hands as an apparently valid writ.

Although the attempted delegation of authority may have been ineffectual to clothe the person signing a writ with power to do so, the marshal is protected in executing it, if it is in the usual form and bears the seal of the court; such an irregularity can be cured by amendment substituting the signature of the person properly authorized.

If process *in rem* is apparently valid and it does not appear on the face thereof that the libel on which it is issued discloses only a personal action for damages the marshal is protected in executing it.

A collector of the port cannot be held responsible for detention of a vessel because he places an inspector thereon with orders to detain her if she attempts to sail, if at the time the vessel is validly in cus-

tody of the marshal and the inspector is withdrawn before the possession of the marshal terminates.

163 Fed. Rep. 233, reversed.

THE facts, which involve the validity of process of the District Court and the power and duty of the marshal thereunder, are stated in the opinion.

*Mr. Assistant Attorney General Denison*, with whom *Mr. Loring C. Christie* was on the brief, for petitioner.

*Mr. J. P. Kennedy Bryan* for respondent:

The *Laurada* was illegally detained by the collector. Section 5290, Rev. Stat., did not justify the detention. The policy of the Government is not to make the private citizen bear the damage caused by an unlawful act of this nature; even if there was probable cause, or a direction of tne Secretary of the Treasury, or officer of the Government, which did not constitute due process of law, or was not a legal justification, the Government would pay out of its own Treasury the damage to the private citizen. *Hendricks* v. *Gonzales*, 67 Fed. Rep. 351; *The Conqueror*, 166 U. S. 123, 124, 125. See, also, *Cruickshank* v. *Bidwell*, 176 U. S. 81, 82, and *DeLima* v. *Bidwell*, 182 U. S. 179; *United States* v. *Sherman*, 98 U. S. 566, 567.

The *Laurada* was not in the custody of the law, as the marshal was acting under a void warrant issued in the cause, and the court had no jurisdiction, and was himself without any authority of law, and a trespasser equally with the defendant, the collector of the port.

Where there is no jurisdiction or power to issue the warrant in the person issuing it, as in this case, the writ is not voidable but void, affording no protection to the person executing it. *Boyd* v. *United States*, 116 U. S. 627; as to who can issue writs see §§ 555, 558, 991, Rev. Stat.; Benedict's Admiralty, p. 231; Hawkins' Pl. C., Bk. 2, c. 13, § 21: 1 Hale Pl. C. 577, 1st ed., 1680, 287, and see

also *Starr* v. *United States*, 153 U. S. 617; *State* v. *Vaughan*, Harper (So. Car.); 313; *Davis* v. *Sanders*, 40 So. Car. 507; *Confiscation Cases*, 20 Wall. 93, 111; *Leas* v. *McVitty*, 132 Fed. Rep. 511; *Paper Co.* v. *Rock River Co.*, 19 Fed. Rep. 252; *Gardner* v. *Lane*, 14 No. Car. 53; *Covell* v. *Heyman*, 111 U. S. 176; *The Resolute*, 168 U. S. 437; *Bank* v. *Mixter*, 124 U. S. 721; *The Berkeley*, 58 Fed. Rep. 920, 923; *Erskine* v. *Hohnbach*, 11 Wall. 616; *Stutsman Co.* v. *Wallace*, 142 U. S. 309; *Railroad Co.* v. *Kenney*, 19 Fed. Cas. 404; *Jacob* v. *Measines*, 79 Massachusetts, 74; *Dynes* v. *Hoover*, 20 How. 80. The warrant must be from the proper officer, Troup, §§ 756–762; Meechun, §§ 6090 *et seq.*; Cooley on Torts, 2d ed., §§ 538, 546. For other cases which held that a warrant such as the one involved in this case is void and affords no protection, see *Wimbish* v. *Wofford*, 33 Texas, 109. And see 81 Illinois, 34, 39; *Greenleaf* v. *Munford*, 19 Abb. Pr. 469, 476; *Anderson* v. *Jouett*, 14 La. Ann. 614; *Hickman* v. *Larkey*, 6 Gratt. 210. And as to cases where the warrant was lawful on its face, *see* 75 Massachusetts, 75, and 67 Massachusetts, 45. In fact the warrant was a mere nullity. See 2 N. Y. 473.

The writ could not have been amended under § 954, Rev. Stat., and see *Brown* v. *Pond*, 5 Fed. Rep. 31; *United States* v. *Rose*, 14 Fed. Rep. 681; *United States* v. *Riley*, 88 Fed. Rep. 480; *Semmes* v. *United States*, 91 U. S. 25.

Even if the process was amendable as to signature it was void *in rem* as the court had no jurisdiction and that appears independently of the decree in the suit in which the writ was issued. *The J. R. Rumbell*, 148 U. S. 11; *The Corsair*, 145 U. S. 335, 348; *Cutler* v. *Rae*, 7 How. 729; *Vandewater* v. *Mills*, 19 How. 82; *The Schooner Freeman*, 18 How. 188; *The Lady Franklin*, 8 Wall. 325, 329; *The Keokuk*, 9 Wall. 517; *The William Fletcher*, 8 Benedict, 537; *In re Cooper*, 143 U. S. 473; *The Moses Taylor*, 4 Wall. 427.

The action is maintainable against the collector as a

joint trespasser and because the owner was entitled to possession as against the marshal. *Wilson* v. *Haley Co.*, 153 U. S. 39; *Van Brunt* v. *Schenck*, 11 Johns. 377; *Woodruff* v. *Halsey*, 8 Pick. 335; *Martindale* v. *Booth*, 3 B. & A. 498; *Barrett* v. *Warren*, 3 Hill, 348.

The collector is liable if only participating in the detention. *Gonsonland* v. *Rosomano*, 176 Fed. Rep. 486; Pomeroy's Remedies, § 281, 307–10.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action at law in the Circuit Court for the District of South Carolina, by a citizen of Pennsylvania against a citizen of South Carolina, as collector of the port of Charleston, to recover damages for the alleged unlawful detention, from November 16 to December 5, 1895, of the American steamship *Laurada*, of which the plaintiff was the owner.

The answer admitted that the defendant, as such collector, acting under instructions from the Secretary of the Treasury, caused the vessel "to be formally detained by placing an inspector on board;" but alleged that the marshal for the District of South Carolina had seized the vessel on November 15, 1895, under a monition and warrant of arrest issued out of the District Court for that district upon a libel filed in that court against the vessel, her engines, etc.; that the marshal retained the custody of the vessel, under that process, from November 15 until December 18, 1895, and that, if any damage was sustained by the plaintiff by reason of the detention of the vessel, it did not result from any act of the defendant.

Upon the trial of the issue so presented the evidence, without any conflict, established these facts:

On November 15, 1895, the marshal, acting upon the monition and warrant of arrest soon to be mentioned,

seized the vessel at Charleston and detained her in his custody until December 18, following, when she was surrendered to her master upon the execution of an agreement, with sureties, conformably to Rev. Stat., § 941, and the 11th admiralty rule. On November 16, while the vessel was so in the custody of the marshal, the defendant, as collector of the port, acting under directions from the Secretary of the Treasury, placed an inspector on board the vessel and thereby assumed a qualified control over her; but the custody of the marshal was not disturbed or questioned, or intended to be, the defendant's purpose being only to make sure that the vessel would be detained, according to the directions of the Secretary of the Treasury, in the event that the custody of the marshal should be terminated. On December 6, the Secretary of the Treasury abandoned the purpose to detain the vessel, and the defendant thereupon withdrew the inspector, the marshal still retaining his custody.

The monition and warrant of arrest under which the marshal acted was issued out of the District Court upon the libel presently to be described, and what was done by him was in strict conformity to the command of the writ. When the writ was issued the clerk of the District Court was fatally ill and absent from his office, and the deputy, his son, was attending him. A second son, who was not a deputy, was temporarily in charge of the clerk's office, with instructions, given by the deputy, to receive and file papers, and, if it became necessary, to sign and issue process. Acting upon these instructions, the brother signed and issued the writ in question, doing so in such manner that it purported to have been signed and issued by the deputy on behalf of the clerk. The libel upon which the writ issued purported in some respects to be one *in rem,* but it plainly disclosed that the libellants were not possessed of a maritime lien upon the vessel, her engines, etc., but only of a right to damages. (See *Vandewater* v. *Mills,* 19 How.

82, 90.) There was, however, no suggestion of this on the face of the writ, which was in the usual form of a monition and warrant of arrest in a suit *in rem*. It ran in the name of the President, was addressed to the marshal, commanded him to seize the vessel and to detain it until the further order of the court, bore *teste* of the judge of the District Court, was sealed with the seal of the court, purported to be signed by the deputy on behalf of the clerk, and was transmitted from the clerk's office to the marshal's office in the usual way.

At the conclusion of the evidence showing these facts, the court, at the request of the defendant, directed a verdict in his favor, and entered judgment accordingly. The judgment was subsequently reversed by the Circuit Court of Appeals, 163 Fed. Rep. 233, and the case is now here on certiorari. 212 U. S. 575.

As it is obvious that the verdict for the defendant was rightly directed, if the seizure and detention of the vessel by the marshal were justified by the writ under which he acted, we come at once to the reasons advanced for saying that his acts were not so justified. They are, (1) that the writ was not signed or issued by the clerk or his deputy, but by one who was without lawful authority, and (2) that the case stated in the libel, upon which the writ issued, was not cognizable as a suit *in rem* in admiralty, but only as a personal action for damages.

Neither reason is sufficient. Both overlook considerations which operated with impelling force to justify the acts of the marshal.

True, the purported signature of the deputy was not his own, but was affixed by his brother under an attempted but ineffectual delegation of authority, and yet the writ, in the usual form, was issued from the office of the clerk, bearing the seal as evidence of its authenticity. In short, although thus irregularly issued, it came into the hands of the marshal as an apparently valid writ. Besides, this ir-

regularity did not render the writ void, but voidable merely, for it could have been amended by substituting the true for the purported signature of the deputy. Rev. Stat., § 948; *Texas & Pacific Railway Co.* v. *Kirk*, 111 U. S. 486; *Miller* v. *Texas*, 153 U. S. 535; *Semmes* v. *United States*, 91 U. S. 21; *Cotter* v. *Alabama G. S. Railroad Co.*, 61 Fed. Rep. 747; *Long* v. *Farmers' State Bank*, 147 Fed. Rep. 360; *Ambler* v. *Leach*, 15 W. Va. 677.

True, also, the case stated in the libel was not cognizable as a suit *in rem* in admiralty, and therefore afforded no basis for the issuance of the warrant of arrest. But as this did not appear on the face of the writ, and as the court was empowered to issue such process in a proper case, it still must be said that the writ, as it was received by the marshal, was apparently a valid one.

In this situation the case falls clearly within the rule, often applied in this and other courts, which is well stated in Cooley on Torts, 3d ed., Vol. 2, p. 883, as follows:

"The process that shall protect an officer must, to use the customary legal expression, be *fair on its face*. By this is not meant that it shall appear to be perfectly regular, and in all respects in accord with proper practice, and after the most approved form; but what is intended is, that it shall apparently be process lawfully issued, and such as the officer might lawfully serve. More precisely, that process may be said to be fair on its face which proceeds from a court, magistrate, or body having authority of law to issue process of that nature, and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority. When such appears to be the process, the officer is protected in making service, and he is not concerned with any illegalities that may exist back of it."

See *Conner* v. *Long*, 104 U. S. 228, 237; *Matthews* v. *Densmore*, 109 U. S. 216; *Harding* v. *Woodcock*, 137 U. S. 43; *Stutsman County* v. *Wallace*, 142 U. S. 293, 309; *Marks*

v. *Shoup*, 181 U. S. 562; *Erskine* v. *Hohnbach*, 14 Wall. 613; *Haffin* v. *Mason*, 15 Wall. 671; *Bragg* v. *Thomson*, 19 So. Car. 572; *Goodgion* v. *Gilreath*, 32 So. Car. 388; *Clarke* v. *May*, 2 Gray (Mass.), 410; *People* v. *Rix*, 6 Michigan, 144; *Henline* v. *Reese*, 54 Oh. St. 599; *Savacool* v. *Boughton*, 5 Wend. (N. Y.) 170.

The judgment of the Circuit Court of Appeals is accordingly reversed and that of the Circuit Court is affirmed.

*Reversed.*