## IDA BRADSHAW v. MIAMI RETREAT FOUNDATION

19 So. (2nd) 574                                June Term, 1944
October 31, 1944                                    Division A
Rehearing denied November 24, 1944

*L. J. Cushman,* for appellant.

*Francis M. Miller, Basil N. Pollitt* and *Graham C. Miller,* for appellee.

TERRELL, J.:

This is an appeal and a cross appeal from a final judgment on a directed verdict for the defendant (appellee here) at the close of all the testimony in a common law action by Ida Bradshaw (appellant here) against Miami Retreat Foundation. The action was predicated on a charge of false imprisonment.

It appears that Mrs. Ida Bradshaw was employed as manager of the Older Women's Cooperative League, an institution in Miami for the care of elderly women. On June

17, 1943, she was discharged and directed to leave the institution. On June 22, pursuant to a lunacy petition, she was taken in custody by the Sheriff of Dade County and turned over to Miami Retreat Foundation, an institution in Miami for the care of the insane and alcoholics. Two days later, she was examined by a lunacy commission and was discharged as being sane. Hence the instant suit.

It is first contended that the order of the county judge committing appellant to Miami Retreat Foundation was void because it was without notice to Mrs. Bradshaw, was issued by a mere clerk in the office of the county judge who was unauthorized to issue orders of that kind, and the petition praying for a lunacy commission was improperly executed.

The record discloses that the petition for the lunacy inquisition was executed as Section 394.20, Florida Statutes of 1941, require, that is to say, it was signed by five persons competent to do so. The committee to examine Mrs. Bradshaw was appointed as required by Section 394.21, Florida Statutes 1941, and the examination was in all respects regular. The latter statute does not require that notice be given to the one examined for lunacy until after the examination when he can appeal from the finding of the commission if found to be insane, but since she was found to be sane in this case, there was no reason for giving the notice.

Likewise we find the objection to the commitment by the county judge to the sheriff to be without merit. It was signed by a clerk of the judge authorized by him to do so and was under the seal of the office. Commitments of this class are not of the dignity of solemn orders and decrees adjudicating personal or property rights so if they are issued under an established custom of the office, they are considered valid. Bryan v. Ker, 222 U. S. 107, 32 Sup. Ct. 26, 56 L. Ed. 114, or he may adopt it as his own after being executed. In this case, the judge testified that the transfer order was in all respects regular and in keeping with the custom of the office.

The evidence shows that every step taken in connection with the petition, the placing of Mrs. Bradshaw in the custody of appellee and her examination for lunacy was taken in good faith and without malice. It also appears that the

county had arrangements with appellee to hold all persons charged with lunacy and regularly committed to it pending their commitment to the hospital for the insane. Other questions have been examined but we find no reversible error.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.