**In the Matter of the INSPECTION of CLEVELAND ELECTRIC ILLU-MINATING COMPANY.**

No. M80–2128.

United States District Court,
N. D. Ohio, E. D.

Feb. 27, 1981.

Mark Katz, Cleveland, Ohio, for the Government.

Thomas Barnard of the Law Firm of Squires, Sanders & Dempsey, Cleveland, Ohio, for CEI.

## MEMORANDUM AND ORDER

WHITE, District Judge.

On November 24, 1980 an ex parte inspection warrant was issued by a U. S. Magistrate authorizing the Petitioner, the Secretary of Labor, through the Area Director of the Occupational Safety and Health Administration to enter and inspect respondent Cleveland Electric Illuminating Company's plant in Ashtabula, Ohio. On November 25, 1980 inspectors arrived to conduct a search of the premises. They were permitted to inspect because of the warrant but were not allowed to take personal breathing zone samples by attaching sampling devices to respondent's employees as authorized by the warrant. This matter is before the Court upon respondent's motion for preliminary injunction, to quash warrant, and to suppress evidence. A hearing was held on January 26, 1981 at which time the respondent indicated that it wished to abandon its argument that issuance of an ex parte warrant was unconstitutional. Petitioner in its reply to respondent's memorandum of law stated that it is withdrawing its attempt to enforce the provision of the warrant requesting records as the testimony at the hearing showed that no records are kept at the Ashtabula Plant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The petitioner contends that the respondent must exhaust its administrative remedies before it may seek relief in federal court.

In *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 816, 56 L.Ed.2d 305 (1978), the Supreme Court held that 29 U.S.C. § 657(a) allowing an inspection by OSHA without a warrant violated the Fourth Amendment to the constitution. Before this case was decided the review commission of OSHA declined to rule on challenges to warrants because it believed doing so would require it to rule on the constitutionality of that statute authorizing warrantless searches. But now that *Barlow* determined that inspections must satisfy the Fourth Amendment as to necessity of a warrant for nonconsensual inspections and demonstration of probable cause, the review commission can consider motions to suppress without acting beyond its jurisdiction *Babcock & Wilcox Company v. Marshall,* 610 F.2d 1128 (1979),

An inspection of respondent's Ashtabula Plant has been partially completed. As to that portion respondent must exhaust its administrative remedies with the review commission and may argue its motion to suppress there. Therefore the motion for a preliminary injunction to quash warrant and to suppress evidence is overruled as to the matters previously inspected. Because the order authorizing personal breathing zone samples from employees by attaching air sampling devices was not complied with by respondent it can be considered by this Court in a motion to quash the warrant. *Marshall v. Central Mine Equipment Company,* 608 F.2d 719 (1979), *Babcock & Wilcox v. Marshall,* supra.

## AUTHORITY OF FEDERAL COURT TO ISSUE WARRANT

28 U.S.C. § 657(a) grants authority to the Secretary to enter, inspect, and investigate

places of employment without a warrant in furtherance of the purpose of the Occupational Safety and Health Act:

"To assure so far as possible every working man and woman in the nation safe and healthful working conditions and to preserve our human resources..."

In *Marshall v. Barlow,* supra, the Court ruled that warrantless searches were contrary to the Fourth Amendment. But the Court implied that searches pursuant to a warrant are contemplated by the act and regulations. 29 CFR 1903.4(d), *Plum Creek Lumber Company v. Hutton,* 608 F.2d 1283 (1979) citing *Marshall v. W & W Steel Company, Inc.,* 604 F.2d 1322 (1979). To hold otherwise would be to rule that inspections can occur only when the employer consents. This would frustrate the purposes of the act and be susceptible to abuse by employers who could simply refuse to allow inspections. *Plum Creek Lumber Company v. Hutton,* supra. See *Burkart Randall, Division of Textron v. Marshall,* 625 F.2d 1313 (1980), *Seaword International, Inc.,* CCH OSHD 24, 794 (1980).

## AUTHORITY OF THE COURT TO ISSUE WARRANT THROUGH ITS MAGISTRATE

■ The Magistrates Act, 28 U.S.C. § 636(a)(1), impowers magistrates to exercise:

"All powers and duties conferred or imposed upon United States Commissioners by law." and "may be assigned such additional duties as are not inconsistent with the constitution and laws of the United States." (28 U.S.C. § 636(b)(3). 28 U.S.C. § 636(b)(4) provides that, "Each district court shall establish rules pursuant to which the magistrates shall discharge their duties."

Local Civil Rule 19.07 Northern District of Ohio grants the magistrates authority to hear and determine in a civil action any pretrial matter or a motion pending before the Court except those enumerated and exempted in 28 U.S.C. § 636(b)(1)(A). Under *Barlow v. Marshall,* supra, the warrant is required and is not prohibited by § 636(b).

The magistrate had the authority to issue it. *Marshall v. Chromolloy American Corporation,* 589 F.2d 1335 (1979). In Re *Worksight Inspection of Quality Products,* 592 F.2d 611, n.2 (1979), *Babcock & Wilcox Company v. Marshall,* supra, n. 17.

## REQUIREMENT OF HEARING TO IMPOSE BURDENSOME ORDER TO RESCIND SAFETY RULES

■ The respondent contends that the order requiring it to rescind a safety rule and accept an increased risk of industrial accident without a hearing deprives the respondent of a propriety interest without due process of law under the Fifth Amendment because it abrogates the contractual employer-employee relationship and impairs respondent's ability to manage its business.

*In Application of the United States,* 610 F.2d 1148 (1979), the Court ordered a corporation ex parte to assist federal officers in a lawful search. The Court held that due process required a hearing on the issue of burdensomeness upon the corporation before compelling them to provide assistance.

Respondent claims it was not afforded notice and an opportunity to present evidence regarding the burdensomeness of the order to require employees to wear air sampling devices. The Court in *Babcock & Wilcox v. Marshall,* supra, stated:

"Illegal OSHA searches will not inevitably evade review; they may be preserved for determination by the district courts if the plant operator is willing to risk civil contempt and moves expeditiously to obtain full judicial review before the warrant is executed."

The Court is considering that part of the warrant not executed. The respondent has filed a motion for preliminary injunction, to quash warrant, and to suppress evidence prior to complying with this part of the warrant. It has received a hearing on these motions that included evidence of the burdensomeness of the requirement that its employees wear air sampling devices. The Court concludes that under these facts the respondent was not deprived of a property right without due process of law.

## AUTHORITY TO ISSUE ORDER REQUIRING USE OF AIR SAMPLING DEVICES

■ The inspection warrant authorizes the taking of personal breathing zone samples by attaching air sampling devices onto employees. The respondent contends that its operating rules and practices requires employees to wear long sleeve shirts and prohibits wearing of loose clothing (respondent's exhibit A page 3 numbers 16, 17). Article XII Section 2 page 58 of the collective bargaining agreement between Cleveland Electric Illuminating Company and Local #270 of the Utility Workers Union of America mandates that the employees must comply with the safety rules, regulations and practices prescribed by the company. (Respondent's exhibit M). Breaking a safety rule is in effect a breach of the collective bargaining agreement.

29 CFR 1903.7(c) states in part:

" . . . Compliance safety and health officers shall comply with all employer safety and health rules and practices at the establishment being inspected."     ·

29 CFR 1903.7(b) authorizes safety and health officers to take environmental samples and employ other reasonable investigative techniques.

The question is whether the use of air sampling devices attached to employees is reasonable.

*Plum Creek Lumber Company v. Hutton,* supra, involved use of the same type of sampling device attempted to be used in this case. The Court held that it was without authority to order Plum Creek Lumber Company to rescind its policy of forbidding employees to wear the sampling devices. It found that the All Writs Act, 28 U.S.C. § 1651(a) does not give district courts a roving commission to order a party subject to an investigation to accept additional risks at the bidding of OSHA inspectors. It does not authorize a court to order a party to bear risks not otherwise demanded by law or to aid the government in conducting a more efficient investigation when other forms are available.

Earl Gregory, Industrial Hygiene Supervisor employed by OSHA testified that 29 CFR 1001 f 2 (i) grants him the authority to take breathing zone samples. He stated that the use of air sampling devices attached to employees is the only method that can be used to get the most accurate samples. It cannot be attached to an OSHA inspector following a Cleveland Electric Illuminating Company employee because the inspector would be sampling his own breathing zone. It is very important to get samples of the air in the employee's zone.

Robert Hiser, also an OSHA Industrial Hygienic Supervisor, testified that it is not practical to walk behind an employee. Maintenance persons cannot always be followed. Many companies that have moving machinery and loose clothing rules have been inspected. Earl Gregory testified that he has applied about 1,500 of these devices and does not know of any accidents.

The court in *Plum Creek* noted two other available methods of testing. However, this court has heard testimony that these methods are not nearly as efficient as the air sampling devices. If an employee feels that the device may hinder his ability to perform his work in a safe manner he may refuse to wear it.

Robert Benson, Supervisor of Cleveland Electric Illuminating Company's Ashtabula Plant testified that electricians wear belts but remove them in close quarters. Employees have worn Scott Air Packs. ·This was identified as a face mask with oxygen from an air cylinder attached to the employees' back like a scuba tank. The court witnessed a demonstration of an attached air sampling device. It was much smaller than a cylinder tank would be.

The purpose of OSHA is to assure that employees have safe and healthful working conditions. 29 U.S.C. § 657(b). In this case OSHA is inspecting the amount of asbestos fibers in the air in this plant. Asbestos has recently become known as causing cancer resulting in numerous deaths. The benefit of an accurate test of the amount of asbestos fibers in the air far outweighs the small increase in safety risks an employee might be exposed to for only 8 hours.

## PRELIMINARY INJUNCTION

In order to succeed in obtaining a preliminary injunction the respondent must establish a reasonable probability of success on the merits, irreparable injury if relief is withheld, that there will not be substantial harm to others if relief is granted, and whether relief requested will adversely affect public interest. *Mason v. County Medical Association v. Knebel,* 563 F.2d 256 (6th Cir. 1977) citing *Adams v. Federal Express Corporation,* 547 F.2d 319 (6th Cir. 1976), *Cincinnati Electronics Corporation v. Kleppe,* 509 F.2d 1080 (6th Cir. 1975). *Ekanem v. Health & Hospital Corporation of Marion County,* 589 F.2d 316 (1978).

■ The respondent contends that a balancing of the equities requires issuance of the preliminary injunction; that there are substantial questions regarding the authority of the Court and its Magistrate to issue the warrant, that public interest clearly would be served by enjoining unlawful inspection and the use of their fruits; and that these arguments demonstrates substantial likelihood of success on the merits.

The respondent asserts that the harm to petitioner would be minimal as he has other methods of conducting the inspection and issuance of an injunction restraining prosecution of the citation would involve only a choice of forum. Petitioner would have the opportunity of defending the validity of the warrant with the review commission.

The respondent further alleges that denial of the preliminary injunction would cause irreparable injury in that the respondent would be forced to subject itself to unavoidable safety risks.

The Court disagrees with respondent's contentions. It has been determined that this Court and its Magistrates has the authority to issue this inspection warrant. Public interest represented by the secretary weighs heavily in allowing this inspection to enforce the Occupational Safety and Health Act.

The respondent's risks of injury because of a few air sampling devices placed on employees is small compared to the Secretary's need to obtain accurate and efficient statistics. or the presence of asbestos fibers in the air to protect employees from the risks of a deadly disease.

The Court in *Hayes Albion Corporation v. Marshall,* 5 OSHC 1968 (N.D.Ohio 1977) held:

"That the public has an uncontrovertible interest in having occupational hazards removed quickly. Delaying the administrative proceedings increases the probability that injuries will occur. See *Cincinnati Electronics Corporation v. Kleppe,* Supra."

## CONTEMPT

■ Respondent has complied with the inspection warrant with the exception of allowing attachment of air sampling devices which it asserted violated a company rule prohibiting wearing loose clothing and requiring that long sleeves must be worn for the protection of employees. Shortly after the inspection respondent filed its motion for preliminary injunction, to quash warrant and to suppress evidence. Upon consideration of these facts and respondent's reliance on *Plum Creek Lumber Company v. Hutton,* supra, holding that the Court cannot enforce an inspection provision in violation of a Company's safety rules, the Court finds that respondent acted in good faith in resisting attachment of the air sampling devices to its employees. See *Marshall v. Reinhold Construction, Inc.,* 441 F.Supp. 685 (1977), *Miller Tube Corporation of America,* CCH OSHD 23, 212 f.n.1 (E.D. N.Y., 1978).

Accordingly, the Court finds that the inspection warrant was valid and OSHA inspectors have the authority to request employees of respondent to wear air sampling devices for the purpose of testing the presence of asbestos fibers. Respondent's motion for preliminary injunction, to quash warrant, and to suppress evidence is hereby overruled.

The Court further finds that petitioner, the Secretary of Labor's application for adjudication in civil contempt is overruled. Respondent Cleveland Electric Illuminating

Company is hereby ordered to comply with the inspection warrant of November 24, 1980 as it relates to the use of the air sampling device exhibited at the hearing within thirty (30) days of this order.

IT IS SO ORDERED.