In the Matter of The Tax Indebtedness of Carolyn R. CAMPBELL, Debtor.

UNITED STATES of America, Petitioner-Appellee,

v.

Fletcher J. CAMPBELL, Respondent-Appellant.

No. 84–1075.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 12, 1985.

Decided May 16, 1985.

Fletcher J. Campbell (argued), Detroit, Mich., for respondent-appellant.

Leonard R. Gilman, U.S. Atty., Francis L. Zebot, Detroit, Mich., Glenn L. Archer, Jr., Michael L. Paup, Tax Div., Dept. of Justice, Carleton D. Powell, Gayle P. Miller

(argued), Washington, D.C., for petitioner-appellee.

Before KEITH and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

KEITH, Circuit Judge.

This is an appeal from an order by the Honorable Ralph Freeman of the United States District Court for the Eastern District of Michigan imposing sanctions against appellant for being in contempt of the Court's order authorizing Internal Revenue Service (IRS) agents to enter his residence in order to seize property in satisfaction of his wife's tax liability. For the reasons stated below, we affirm the ruling of the district court.

On April 9, 1982, the district court entered an order that authorized IRS Officer Richard Hannum and any other designated revenue officers to enter the residence occupied by appellant and his wife, Carolyn Campbell, at 22731 Thorncliff, Southfield, Michigan, for the purpose of searching for property to be levied upon and seized in satisfaction of Carolyn Campbell's assessed and unpaid tax liability. The tax liability that was to be collected totaled $11,673.88 and arose out of assessments made against Carolyn Campbell under 26 U.S.C. 6672. After the assessments were made, several notices and demand for payment of the outstanding taxes were sent to her between May 1976 and November 1981. The taxes remained unpaid and the IRS officials sought and obtained the district court's order authorizing them to enter the Campbell premises for the purpose of effecting a levy upon property owned by Carolyn Campbell. Ms. Campbell only responded to the last two notices, writing a letter to the revenue officer who was then assigned to collect the assessed taxes in response to one notice and writing Hannum on November 24, 1981 to request copies of the file relating to the assessments in response to the latest notice. By letter of December 14, 1981, Hannum referred her to Franklyn Stein, a Disclosure Officer with the IRS, so that he could determine whether the subject records could be disclosed. Carolyn Campbell wrote Stein who subsequently authorized Hannum to release the files.

In addition to written notices, Agent Hannum made several personal visits to appellant's residence and office attempting to discuss the tax liability. Agent Hannum left one message for Mrs. Campbell to telephone him and left a written message on his card explaining to Mrs. Campbell that he wished to obtain her consent to enter the premises in order to effect a levy. It was at this point, the statute of limitations on collections of the assessments about to expire, that Hannum sought the District Court's order authorizing him to enter the Campbells' premises. 26 U.S.C. 6502 (The statute of limitations is six years.)

On April 15, 1982, at approximately 7:57 a.m., Revenue Officers Hannum and James Thomas and Special Agents Harry Megerian and Jennifer Sander arrived at the Campbell residence to execute the District Court's order for entry to effect a levy. The agents identified themselves, displayed their credentials and informed appellant that they were there to seize a 1979 Cadillac and a 1978 Audi that were registered to Carolyn Campbell. Hannum displayed to appellant through a glass storm door a copy of the order authorizing entry as well as a copy of the notice of the levy.

Appellant questioned the validity of the order for entry on the ground that he was not the legal owner of the residence; he refused to accept service of the order and notice of levy, and denied the revenue officers access to the garage. Appellant instructed Hannum to tape the order and notice to the front door of the house, which he did. The officers then retreated from the front door, and Hannum left to telephone his supervisor for guidance. Within ten minutes after Hannum's departure, Agent Megerian observed appellant driving the 1979 Cadillac away. He further observed that the documents that had been taped to the door had been removed. When Hannum returned, the four agents

left the premises without attempting to use force to open the locked garage.

On April 21, 1982, the government petitioned the district court for an order to show cause why appellant should not be held in contempt for interfering with the execution of the court's order authorizing entry of his residence. The order to show cause was issued, and a hearing scheduled. At that hearing, appellant, who is an attorney, challenged the above stated version of the facts, the right of the IRS to collect the taxes in question and the propriety of the notice and demand that had been given to his wife.

By order of May 20, 1982, the district court adjudged appellant to be in contempt of its order authorizing entry upon his premises. As explained in its memorandum opinion of May 28, 1984, the district court rejected appellant's version of the events surrounding the agents' attempts to execute the order. The court also found that Campbell knew who the agents were and knew that they possessed a valid order for entry. The court concluded that appellant's challenges to the validity of the order were without merit and that, in any event, he was without standing to question the validity of the underlying tax assessments. On the basis of these findings, the court held appellant in contempt of its order of April 9, 1982.

Although the government had requested that compensatory sanctions be imposed against appellant, the court, at the government's suggestion, did not impose sanctions at that time. Instead, upon adjudging appellant to be in contempt, the court also authorized the agents to enter appellant's premises again in order to attempt to effect a levy upon the automobiles. On May 26 and 27, 1982, the revenue officers again attempted to seize the automobiles in question, but they were not found on the premises. The statute of limitations on the collection of Carolyn Campbell's tax indebtedness expired on May 24 and May 31, 1982.

On June 29, 1982, appellant filed a notice of appeal to this Court from the district court order adjudging him to be in civil contempt of its order authorizing entry. On August 13, 1982, the government filed a motion in the district court for the assessment of a compensatory fine against appellant based upon his conduct. The damages sought included the value of the 1979 Cadillac and the expenses of the attempted levy and the contempt proceedings. The district court denied the Government's motion without prejudice because it believed the notice of appeal filed by appellant deprived it of jurisdiction over the case during pendency of the appeal. On August 5, 1983, this Court granted the Government's motion to dismiss appellant's appeal as interlocutory. 6th Cir., 718 F.2d 1098.

The IRS then renewed its motion for the imposition of sanctions against appellant. After a hearing, the district court granted the Government's motion. The court assessed damages in the amount of $4,897.91 and imposed coercive imprisonment, not to exceed 180 days, in the event that appellant failed to pay the damages. Campbell then appealed from this order.

Appellant did not pay the damages, nor did he seek a stay of the district court order imposing damages or post a bond to ensure payment of the damages should his appeal prove unsuccessful. Accordingly, the Government successfully sought the issuance of a bench warrant for his arrest. Appellant ultimately posted bond to cover payment of the damages during the pendency of this appeal. Appellant offers two grounds for challenging the validity of the order. Campbell contends that the order authorizing entry was invalid and that the district court was incorrect in ruling him to be in civil contempt of its order authorizing entry. Initially, we address the validity of the order.

 Appellant offers five bases for challenging the validity of the order authorizing entry. Appellant first contends that he was not obliged to obey the order because the copy of the order presented to him did not bear a court "seal". In making this contention, appellant relies upon 28 U.S.C., Section 1691, which provides that "all writs

and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." Assuming that the order in question here is considered a "writ and process" within the meaning of Section 1691, the statutory requirements were met. Although appellant has not explained on appeal what he means by the use of the term "seal", he stated in the court below that he was referring to an impression made by the clerk. In the instant case, appellant was not presented with the original order itself, which presumably contained such an impression, but was served with a copy of the order. As the district court observed, the copy was signed by the clerk and attested to as "a true copy". In unsuccessfully attempting to demonstrate that the law requires something more appellant relies on *Bryan v. Ker,* 222 U.S. 107, 32 S.Ct. 26, 56 L.Ed. 114 (1911). In *Bryan,* the court simply held that a marshal could not be held liable for damages for serving a writ that was regular on its face, even though the writ was ultimately voidable. The writ was voidable not because it lacked a court seal, but because there had been no basis for the underlying suit with respect to which the writ was issued. Thus, *Bryan,* which is the sole authority appellant presents is wholly inapposite.

■ Second, appellant contends that the court below erred in not holding a further hearing on this matter. Notwithstanding appellant's contentions to the contrary, he was afforded ample opportunity to present evidence to refute the charges of contempt. To the extent that Campbell is claiming that further evidentiary hearings were required for consideration of his legal arguments in support of his motion to dismiss, this claim has little, if any, basis in law or fact. Evidentiary hearings are not needed to resolve questions of law. In any event, the district court gave full consideration to each of appellant's arguments. Campbell has been given adequate opportunity to present his case. We see no purpose that would be served by holding further hearings.

■ Next, appellant contends that he could not be held in contempt of the court order authorizing entry because it merely authorized a search and did not direct him "to do anything." Contrary to appellant's contention, the courts have recognized that an individual who refuses to honor a court order authorizing an official to enter onto his premises for official purposes is subject to being held in contempt of that order if he does not permit the entry. *See e.g. Matter of Inspection of Cleveland Elec. Illum. Co.,* 548 F.Supp. 224, 228 (N.D.Ohio 1981). By its nature, an order such as the one in question cannot specify the parties whose compliance may be required. Rather, the order is directed at whoever may be occupying the premises in question. Because of his refusal to grant entry to the agents in the face of such court authorization, Campbell, an attorney, knowingly put himself at risk of being in contempt of the order.

■ Fourth, appellant attempts to challenge the issuance of the order authorizing entry because the tax assessments were allegedly invalid. As the district court observed, appellant lacks standing to make this challenge. As a general rule, a party being held in civil contempt of a court order is allowed to challenge the underlying validity of that order. This general rule flows from the principle that a party cannot be held in civil contempt of an order that is itself not valid. *United States v. Spectro Foods Corp.,* 544 F.2d 1175 (3d Cir.1976). *See also Bryan v. Ker,* 222 U.S. 107, 32 S.Ct. 26, 56 L.Ed. 114 (1911) (Writ voidable because there was no basis for the underlying suit with respect to which the writ was issued). In the instant case, however, the force of the order rests upon the validity of a tax assessment against a third-party and does not implicate the tax liability of appellant himself. In such circumstances, a third party is not entitled to question the tax liability of another, especially when the IRS is involved in collecting the taxes. *Myers v. United States,* 647 F.2d 591, 603–604 (5th Cir.1981); *Commonwealth Bank v. United States,* 115 F.2d 327 (6th Cir.1940). *Compare United*

*States v. Scolnick,* 392 F.2d 320, 327 (3d Cir.1968), *cert. denied,* 392 U.S. 931, 88 S.Ct. 2283, 20 L.Ed.2d 1389 (1968) (rejecting the same argument in a criminal prosecution under Section 7212(b) of the Internal Revenue Code).

There are sound reasons why a party is not entitled to contest the tax liability of another. The collection of taxes has long been recognized as an essential function justifying summary administrative action. *Bull v. United States,* 295 U.S. 247, 259–260, 55 S.Ct. 695, 699–700, 79 L.Ed. 1421 (1935); *In re Carlson,* 580 F.2d 1365, 1369 (10th Cir.1978). Furthermore, in a particular context similar to this case, it has also been recognized that the issuance of an order authorizing entry is to take place in a summary, *ex parte* proceeding and is not to be converted into an adversary proceeding. *United States v. Shriver,* 645 F.2d 221 (4th Cir.1981). To allow any party who is served with such an order to raise the entire history of the tax assessment in question in a full adversary proceeding would result in a substantial impediment to a process that is designed to be swift and efficient, thus encouraging defiance of the order. A party might choose to gamble that there will be some defect in the assessment rather than to comply with the order. Permitting a third-party to raise the underlying validity of the order in this context is contrary to the policy interests embodied in the summary collection process and to the courts' interest in having their orders obeyed.

 Finally, appellant contends that the district court lacked jurisdiction to issue the bench warrant because he had appealed the order imposing sanctions. Appellants appeal of the order imposing sanctions did not strip the district court of the power to enforce its order pending appeal. See *e.g. Jago v. U.S. Dist. Ct., N. Dist. of Ohio,* 570 F.2d 618 (6th Cir.1978). Unless a party challenging a contempt order obtains a stay of judgment or posts a supersedeas bond, the judgment may be executed notwithstanding the fact that it has been appealed. *National Service Industries, Inc. v. Vafla Corp.,* 694 F.2d 246 (11th Cir. 1982). In sum, we find all of appellant's

bases for attacking the validity of the order to be without merit.

 Next, we address the contention that the District court was incorrect in holding Campbell in contempt of its order authorizing entry. The Internal Revenue Code authorizes the IRS to collect delinquent, assessed taxes by executive levy and seizure. 26 U.S.C. § 6331. While the Government is indeed authorized to effect a seizure of property without obtaining court authorization, it can not constitutionally enter private premises to search for property subject to such a seizure without a prior judicial determination that such an intrusion is justified. *G.M. Leasing Corp. v. United States,* 429 U.S. 338, 354, 97 S.Ct. 619, 629, 50 L.Ed.2d 530 (1977). The *G.M. Leasing* decision was grounded on the need to protect the reasonable expectations of privacy of the occupants of the premises. Thus, a tax seizure may still be effected without judicial intervention if the property to be seized is found in a public place. But, under *G.M. Leasing,* if it is necessary for the Government to enter private premises to effect the seizure, it must first obtain a court order authorizing such entry. *Id.* at 358, 97 S.Ct. at 631.

The procedure for obtaining an order authorizing entry is summary in nature. The determination whether to issue the order is generally made upon the *ex parte* application of the Government, supported by affidavit. The court then determines whether the application and supporting affidavit exhibit "probable cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid taxes." *United States v. Shriver,* 645 F.2d 221, 222 (4th Cir.1981). Accord, *In re Carlson,* 580 F.2d 1365, 1381 (10th Cir. 1978).

These procedures were followed in the instant case. Here, the IRS had assessed the taxes in question and had made repeated demands for payment of the taxes by formal, written notice. After these efforts proved to be unavailing, Hannum attempted to obtain Carolyn Campbell's consent to enter her residence in order to effect a seizure of property to satisfy the

assessments. When she refused to respond to his visits, Hannum then sought the order authorizing entry of the Campbell's residence. In his affidavit in support of the application, Hannum both recounted his collection efforts and set forth his belief that there were automobiles on the premises that could be seized in payment of the assessments.

Having obtained the requisite judicial authorization to enter appellant's premises in order to seize these automobiles, Hannum then attempted to execute this order. His efforts, however, were thwarted by appellant, who denied him entry to the house and, ultimately, drove away in one of the automobiles that the officer had come to seize. As a result of his acts, the district court adjudged appellant to be in civil contempt of its order authorizing entry onto appellant's premises. The district court's ruling is plainly correct.

Accordingly, the judgment of the Honorable Ralph M. Freeman, United States District Court for the Eastern District of Michigan, is affirmed.