842 F.2d 333
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel J. HULL, Defendant-Appellant.
 Nos. 87-6007, 87-6008.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1988.
 
 1
 Before MILBURN and BOGGS, Circuit Judges and ALDRICH, District Judge.*
 
 ORDER
 
 2
 The defendant moves to proceed in forma pauperis on appeal from the district court's order finding the defendant in contempt in Case No. 87-6007 and the court's order dismissing Case No. 87-6008 at the government's request. Both of these appeals concern actions filed by the Internal Revenue Service (IRS) for the enforcement of summonses against the defendant. 26 U.S.C. Sec. 7402(b) and Sec. 7604(a). The appeals have been referred to a panel of the court pursuant Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In Case No. 87-6007, the district court held that the defendant was in contempt for failing to produce the records requested by the IRS. The order finding the defendant in contempt did not contain any punishment; rather, it established conditions by which the defendant could purge himself of contempt. The general rule is that there is no right to appellate review of a civil contempt order until punishment is imposed. Alexander v. United States, 201 U.S. 117, 121 (1906); see also In the Matter of Campbell, 761 F.2d 1181, 1184 (6th Cir.1985) (a prior appeal from a contempt order which did not impose punishment had been dismissed by the court). Because no punishment was imposed by the district court in this case, this court lacks jurisdiction over the appeal. The defendant will be able to obtain appellate review after the district court enters an order imposing punishment.
 
 
 4
 In Case No. 87-6008, the IRS requested the court to dismiss its request for enforcement of the summons because the government successfully garnished the defendant's wages. The general rule is that a case is moot when, by an act of one of the parties, the existing controversy has come to an end. Caldwell v. Craighead, 432 F.2d 213, 218 (6th Cir.1970), cert. denied, 402 U.S. 953 (1971). When the IRS was able to garnish the defendant's wages, the existing controversy concerning the summons came to an end. Therefore, this appeal is moot and will be dismissed for lack of jurisdiction.
 
 
 5
 It should be noted that one of the defendant's main contentions in this case is that the magistrate lied when he stated that a show cause order requiring the defendant to appear and produce records was properly served upon the defendant. It is true that the show cause order, dated May 8, 1986, was not served on the defendant. However, the June 10, 1986 order requiring the defendant to appear and to produce his records was personally served on the defendant on June 22, 1986. The service of this order was adequate notice to the defendant. The defendant's harsh and uncooperative attitude toward the district court is simply unjustified.
 
 
 6
 Upon consideration, both appeals are dismissed for lack of jurisdiction under Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation