884 F.2d 580
 14 O.S.H. Cas.(BNA) 1185
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION, Plaintiff-Appellee,
v.
TRINITY INDUSTRIES, INC., Defendant-Appellant.
 No. 88-4035.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 WELLFORD, Circuit Judge.
 
 
 1
 The appellant, Trinity Industries, Inc. (Trinity), requests that this court quash an Occupational Safety & Health Review Commission (OSHA) search warrant. The warrant was issued following an employee complaint specifying claimed hazards in one plant. Rather than authorizing a limited search based on the particular complaint, the magistrate issued an expanded search warrant, contingent upon the result of a records search following the limited search and investigation. Appellant challenged both the records search and the expanded search, alleging that they were not based on "neutral" criteria or an administrative plan.
 
 
 2
 Trinity manufactures pressure vessels at its Sharonville, Ohio plant. On February 23, 1988, a Trinity employee at this plant filed a complaint with OSHA, alleging (1) improper wiring on portable grinders and rollers; (2) use of unsafe gas cylinders; (3) blocked aisles and passageways; and (4) oil slicks on the floor. The employee complaint also requested an OSHA inspection. The next day, an OSHA official attempted to inspect the Trinity plant, but Trinity refused admission. Thereafter, OSHA sought a warrant to enter and inspect the Trinity plant. OSHA had not inspected this plant for more than two years.
 
 
 3
 On February 25, 1988, the magistrate issued a warrant authorizing OSHA to conduct an inspection under the Occupational Safety and Health Act of 1970, 29 U.S.C. Sec. 651, et seq. The warrant was based upon the sworn application of William A. Murphy, director for OSHA's Cincinnati Area Office.
 
 
 4
 The OSHA application requested authorization for two different types of inspection. First, it requested permission to inspect those areas and conditions set forth in the employee complaint pursuant to Sec. 8(f)(1) of the Act, 29 U.S.C. Sec. 657(f)(1). The application also requested permission to inspect Trinity's entire establishment but only upon the condition that if after reviewing the injury and illness records Trinity is required to keep under the Act, see McLaughlin v. Kings Island, 849 F.2d 990 (6th Cir.1988), the records indicated that Trinity had an industry lost workdays injuries rate (LWDI) equal to or above a specified national rate, pursuant to Sec. 8(a) of the Act, 29 U.S.C. Sec. 657(a).[1] The magistrate's warrant authorized the requested "employee complaint" Sec. 8(f)(1) inspection, and ordered that "if a review of the OSHA injury and illness records" indicates that the company has an LWDI at or above the national average, the inspection shall "extend to the entire establishment."
 
 
 5
 Within a few days, Trinity filed a motion to quash the warrant, arguing, inter alia, that (1) there was no probable cause to issue the warrant under Secs. 8(a) and 8(f)(1) of the Act, and that (2) the scope of the warrant was overbroad because the inspection should be limited only to the employee complaint. Trinity also took the position that the records inspection should relate only to the particular complaint.
 
 
 6
 In a lengthy recommendation following a hearing, the magistrate denied Trinity's motion to quash the administrative warrant. He also denied, in part, Trinity's request for a stay, and ordered execution within thirty days of that portion of the warrant which authorized inspection of the conditions raised by the employee complaint.[2] Pending appeal, however, the magistrate stayed that portion of the warrant authorizing inspection of the injury and illness records and the possible expanded inspection.
 
 
 7
 In granting the application, the magistrate rejected Trinity's claim that OSHA's plan to inspect the entire facility cannot be neutral because one factor is the use of an employee complaint. He further held that a review of Trinity's records to determine its LWDI rate, and the requested expanded inspection, were reasonable. In addition, the magistrate noted that the records that OSHA would have to review in order to obtain Trinity's LWDI rate are records Trinity is required under the Act to keep and make available for inspection. He concluded that Trinity's argument that OSHA cannot review these records because "the scope of an employee complaint inspection must be limited to the alleged violations in the complaint" was "without merit." Thus, the magistrate determined that the Secretary was authorized to review the records during the specific complaint inspection, and if the LWDI rate was above 4.2, the national average, "then OSHA may expand the safety inspection to include Trinity's entire establishment."
 
 
 8
 Both parties appealed to the district court. Following a hearing, the district court considered de novo all of the issues and affirmed that magistrate's order. Trinity then filed a timely notice of appeal.
 
 
 9
 At the oral argument before this court, appellant advised, and OSHA's counsel confirmed, that the general Sec. 657(a) inspection has now taken place and that additional citations have issued as a consequence of that expanded search and inspection. Again, Trinity has made an administrative appeal from the latter determination and citations under 29 U.S.C. Sec. 659. The Commission has not acted upon any of the objections and contests concerning the OSHA citations for alleged violations of the Act on the part of Trinity. The employer is required to exhaust administrative remedies before suing in federal court to challenge a search warrant such as was issued in this case. Robert K. Bell Enterprises v. Donovan, 710 F.2d 673 (10th Cir.1983), cert. denied, 464 U.S. 1041 (1984); Matter of Inspection of Cleveland Elec. Illum. Co., 548 F.Supp. 224 (N.D.Ohio 1981); Matter of Northwest Airlines, Inc., 437 F.Supp. 533 (E.D.Wis.1977), aff'd, 587 F.2d 12 (7th Cir.1978).
 
 
 10
 Under the circumstances made known to us, the case may also be moot. The searches for which the warrant in question was issued have already taken place. Trinity's premises cannot now be "unsearched." The case is moot in the sense that the actions complained of, which were sought to be prevented, have already taken place. B & B Chemical Co. v. United States E.P.A., 806 F.2d 987 (11th Cir.1986), points out there may be exceptions to the mootness doctrine where a warrant has already been issued (and not stayed) authorizing an EPA search of premises in controversy. We have no occasion to rule on whether any exception to the mootness doctrine applies since we have already determined that Trinity cannot prevail for lack of administrative exhaustion. See Marshall v. Whittaker Corp., 610 F.2d 1141 (3d Cir.1979). We find that this case at this juncture presents no "live" controversy for adjudication.
 
 
 11
 Pending the outcome of the administrative appeal in this case, or some other action that would warrant interference by this court during the administrative appeal process, we find the issues presented to us not ripe for decision. Our failure to rule should not be construed to foreclose Trinity from pursuing any of its contentions pertaining to the validity of the warrant in question.
 
 
 
 [1]
 The Trinity plant falls into Standard Industrial Classification (SIC) Code 344, "machine tools, metal forming type," which, according to the Bureau of Labor Statistics, has a LWDI of 7.8, which ranks forty-ninth out of the 333 industries in the 1988 fiscal year High Rate Industry List for the State of Ohio. The national average for manufacturing is 4.2. The LWDI rate for manufacturers in Trinity's category then averages nearly twice the national rate for industrial plants
 
 
 [2]
 According to the parties' briefs, OSHA executed the complaint inspection portion of the warrant, found violations, and issued a citation. Trinity has appealed from this action administratively