59 F.3d 170
 76 A.F.T.R.2d 95-5438
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GRABLE & SONS METAL PRODUCTS, INC., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-1989.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1995.
 
 1
 Before: MARTIN and SILER, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Grable and Sons Metal Products, Inc. (Grable), represented by counsel, appeals a district court judgment denying its petition for wrongful levy and to quiet title, as well as its application for a preliminary injunction, and granting the government's motion for sanctions. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 This appeal involves several consolidated "tax protestor" cases. The first of these particular cases arose when the government sought an order for entry upon Grable's premises to enforce a levy against property. Grable is allegedly indebted to the United States for $2,916,474.58 in unpaid taxes. In January 1994, the district court issued an order for entry on the premises to effect levy. Grable representatives subsequently refused to allow entry, and Grable's president was held in contempt of court for failing to obey the order. He was also directed to permit entry the following day. Thereafter, Grable's petition for bankruptcy was dismissed as a "bad faith" filing. Subsequently, the district court issued a new order for entry on the premises and Grable filed an ex parte motion for a temporary restraining order to stay levy against Grable customers and property. The district court denied the TRO motion and issued an order to show cause on March 16, after Grable again refused entry onto its premises.
 
 
 4
 Grable's amended petition and its application for an injunction raise the same issues. In each, Grable argued that the levies were improper because: (1) the government did not comply with the requirements of 26 U.S.C. Sec. 7401, thus depriving the court of subject matter jurisdiction; (2) the orders for entry were overbroad and thus violated Grable's Fourth Amendment rights; (3) the government did not provide notice and demand pursuant to 26 U.S.C. Sec. 6303; and (4) Grable is not a "taxpayer" and the corporation is not subject to taxes.
 
 
 5
 Upon review, the district court denied Grable's petition and its application for an injunction, and granted the government's motion for sanctions. Grable has filed a timely appeal, reasserting its claim that the government did not provide notice and demand pursuant to 26 U.S.C. Sec. 6303.
 
 
 6
 Upon review of the record, we conclude that the district court properly denied Grable's petition for wrongful levy and to quiet title, as well as its application for a preliminary injunction.
 
 
 7
 Initially, as the district court considered matters outside the pleadings when it rendered judgment, we construe the judgment as granting summary judgment in favor of the government. See Nuclear Transp. & Storage v. United States, 890 F.2d 1348, 1351 (6th Cir. 1989), cert. denied, 494 U.S. 1079 (1990). Upon review, we conclude that the district court properly granted summary judgment to the defendant as there is no genuine issue of material fact and the government is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The government provided four Business Master File Transcripts and five certified Certificates of Assessments and Payments, which show that Grable was sent five notices of assessment and demand for taxable year 1980 and three such notices for each of the taxable years 1982, 1984, 1985, and 1986. See Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) (certificates of assessments and payments are sufficient to establish that an assessment has been properly made and that notices and demands have been timely mailed); Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992) (certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary; statement that defendant did not receive notices is not sufficient to refute government's contention that notices were sent). Grable has not met its burden of showing that the government did not mail the notices and demands. See Hansen, 7 F.3d at 138.
 
 
 8
 Accordingly, we hereby affirm the district court's judgment.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation