81 F.3d 160
 77 A.F.T.R.2d 96-1824, 96-1 USTC P 50,286
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INTERNAL REVENUE SERVICE, Plaintiff-Appellant,
v.
GRABLE & SONS METAL PRODUCTS, INC., Defendant-Appellee.
 No. 94-2426.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1996.
 
 Before: LIVELY, MARTIN and MOORE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Grable & Sons Metal Products, Inc. (Grable), appeals from orders of the district court denying various motions related to the seizure of property by the Internal Revenue Service (I.R.S.) pursuant to 26 U.S.C. § 7402(a). Leslie Grable, the president of Grable is a "tax protestor." Grable's basic argument in this appeal, put forward by retained counsel, is that the Internal Revenue Code does not require corporations to pay income taxes on corporate earnings. The defendant also makes the procedural argument that the district court had no jurisdiction to issue a writ for entry and seizure of property pursuant to § 7402(a) because it failed to obtain the authorization of the Secretary of the Treasury or his delegate as required by 26 U.S.C. § 7401 for commencement of an action for the collection or recovery of taxes.
 
 
 2
 The parties waived oral argument and submitted the appeal on briefs. After examining the briefs and record, the panel is unanimously of the opinion that oral argument is not needed. FED.R.APP.P. 34(a).
 
 
 3
 First, we do not consider the defendant's arguments concerning sanctions imposed by the district court, as another panel of the court has disposed of this issue in an unpublished opinion. See Grable & Sons Metal Products, Inc., 59 F.3d 170 (Table), 1995 WL 367099 (6th Cir. June 19, 1995).
 
 
 4
 Upon consideration of the briefs and record on appeal, we affirm the final orders of the district court denying the defendant's motion to quash the order of entry, denying the motion for return of "illegally seized property," and denying the motion to alter, vacate, or amend previous orders. The defendant's argument that a corporation is not required to pay tax on its earned income is too bizarre to require discussion. The Internal Revenue Code imposes taxes on such income and requires the corporation to pay the taxes so imposed. 26 U.S.C. § 11(a).
 
 
 5
 The district courts have jurisdiction to issue writs of entry and to authorize the seizure of property located on private premises upon a proper showing by the I.R.S. of tax liability, notice to the taxpayer, and efforts to obtain voluntary entry. 26 U.S.C. § 2402(a); Matter of Campbell, 761 F.2d 1181, 1186 (6th Cir.1985). A court order authorizing entry and seizure is required to satisfy the Fourth Amendment considerations set forth by the Supreme Court in G.M. Leasing Corp. v. United States, 429 U.S. 338, 354 (1977). Campbell, 761 F.2d at 1186.
 
 
 6
 The I.R.S. followed the proper procedures in obtaining an order for entry. The purpose of the entry was to search for and levy upon property that might be seized in satisfaction of Grable's tax liability. Such an action is not one "for the collection of taxes," subject to authorization by the Secretary or his delegate under § 7401. The procedure for obtaining an order of entry is summary in nature. The I.R.S. may proceed ex parte, and if its affidavits and supporting materials demonstrate probable cause, which they did in this case, a district court may issue the order of entry forthwith. Id. The order of entry thus functions as a search warrant. It is not an order for the collection of taxes.
 
 
 7
 The judgment of the district court is AFFIRMED.