UNITED STATES Of America; Donna Mills, Revenue Officer, Plaintiffs–Appellees,

v.

Timothy Allen KERSTEN, Defendant–Appellant.

No. 97–16977.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 17, 1998.*

Decided Sept. 25, 1998.

Timothy Kersten, Susanville, CA, pro se for defendant-appellant.

Anthony T. Sheehan, Tax Division, United States Department of Justice, Washington, DC, for plaintiffs-appellees.

Before: O'SCANNLAIN, FERNANDEZ, and TASHIMA, Circuit Judges.

PER CURIAM.

Timothy Kersten appeals the district court's denial of his application for the return of assets and for the stay of an auction. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Kersten was a dentist who apparently did not file tax returns for many years. The IRS assessed liability against Kersten for his unpaid taxes, and sent a revenue officer to his office to demand payment. Kersten refused to pay. The IRS then applied *ex parte* for an Order to Enter Upon Premises to Effect Levy from the district court to satisfy the assessment. *See* 26 U.S.C. § 7402. The district court granted the order, whereupon the officers entered Kersten's office and seized property. Kersten later brought motions in the district court for the return of the seized property and for the stay of an auction of that property. The district court denied Kersten's motions.

* The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34–4(c).

The district court could not provide the relief sought by Kersten because its jurisdiction had been invoked by the government merely to authorize an order of entry, not to adjudicate the merits of the assessment upon which the order of entry was granted. Hearings on applications for orders of entry are "solely for the protection of the privacy interests" of the taxpayer whose premises are to be searched, and have "nothing at all to do with the reasonableness or possible unreasonableness of a contemplated levy upon private property in aid of tax collection." *United States v. Shriver,* 645 F.2d 221, 222 (4th Cir.1981). Further, "issuance of an order authorizing entry is to take place in a summary, *ex parte* proceeding and is not to be converted into an adversary proceeding." *Matter of Campbell,* 761 F.2d 1181, 1186 (6th Cir.1985).

When the district court made a probable cause determination and issued the order of entry, its involvement in this matter was at an end, absent the filing of an independent claim invoking the district court's jurisdiction on other grounds. Simply put, Kersten's motion contesting the validity of the assessment and seeking the return of his assets was misguided. While Kersten may have other opportunities to pursue relief, a matter upon which we do not opine, such relief is not available in the same proceeding in which a district court issues an order of entry.

AFFIRMED.