645 F.2d 221
 81-1 USTC P 9285
 UNITED STATES of America, Appellant,
v.
James O. SHRIVER, Jr. and Judith Shriver and/or James O.
Shriver, Jr., d/b/a Shriver Excavating & Hauling,
Appellees.
In the Matter of the Tax Indebtedness of James O. SHRIVER
and/or James O. Shriver, Jr., d/b/a Shrivers
Excavating & Hauling.
In re UNITED STATES of America, Petitioner.
 Nos. 80-1733, 81-1013.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Feb. 6, 1981.
Decided March 27, 1981.
 
 Stephen G. Jory, U. S. Atty., Elkins, W. Va., M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Daniel F. Ross and Karl P. Fryzel, Attys., Tax Division, Dept. of Justice, Washington, D. C., on brief, for appellant.
 James O. Shriver and Judith Shriver, pro se.
 Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and WINTER, Circuit Judge.
 HAYNSWORTH, Chief Judge:
 
 
 1
 Agents of the Internal Revenue Service sought in the district court and were denied an "Order to Enter" upon the farm of the taxpayers for the purpose of levying upon trucks and equipment said to be located there to satisfy the taxpayers' obligations for assessed but unpaid taxes. The district court denied the ex parte application "without prejudice to the institution of a civil action." The United States sought reconsideration, and the district court ordered copies of all of the papers served upon the taxpayers. Later, an adversary hearing was held at the conclusion of which the taxpayers were ordered to file an answer, including an inventory of the trucks and equipment located upon their farm. Still later, another adversary hearing was held, after which the district court declined to issue the warrant on the ground that a levy in aid of collection of tax liabilities approximating $15,000 might be unreasonable in light of the aggregate value placed by the taxpayers upon their trucks and equipment of approximately $200,000. The United States has appealed, and in a separate proceeding has sought a writ of mandamus in the event that we should conclude that denial of the warrant application was not a final, appealable order.
 
 
 2
 We conclude that denial of the warrant application was a final, appealable order within the meaning of 28 U.S.C.A. § 1291. There may be alternative means of collecting these tax claims, but the possibility of resort to alternative means does not foreclose a finding of finality in the order which the United States seeks to have us review. The warrant application was a plenary proceeding, independent of any adjudication of the tax liabilities of the taxpayers. As to that application, the district court reached a final resolution when it declined to issue the warrant. There is no danger of piecemeal review or disruption of ongoing proceedings.
 
 
 3
 That such an order is appealable under the doctrine of Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), was held in Matter of Carlson, 580 F.2d 1365 (10th Cir. 1978). See also Application of United States, 563 F.2d 637 (4th Cir. 1977), in which we held that a denial of an application for an order authorizing wire taps and surreptitious entry was a final, appealable order.
 
 
 4
 The warrant was sought in August 1977 on the basis of an affidavit by the revenue agent that taxes, together with interest and penalties, aggregating approximately $15,000 had been assessed against the taxpayers for the years 1974, 1975 and 1976, that the taxpayers had been notified of these assessments and that payment had been demanded, that the assessments had not been paid, that on their farm there were trucks, farm equipment and excavating equipment belonging to the taxpayers, but that the taxpayers had refused to permit entry upon the farm for the purpose of levying upon personal property to satisfy the tax assessments.
 
 
 5
 In G.M. Leasing Corporation v. United States, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977), it was held that a warrant was necessary for entry upon private property for the purpose of effecting a levy upon personal property in aid of the collection of taxes. The decision was a reversal of the consistent earlier practice of administrative authorization of such entries. The warrant requirement, however, has to do with entry upon private property and nothing at all to do with the reasonableness or possible unreasonableness of a contemplated levy upon private property in aid of tax collection. It is solely for the protection of the privacy interest of the occupants, generally guaranteed by the Fourth Amendment, that the warrant is required. Judges are simply to determine whether the application and supporting affidavit showed probable cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid taxes. This was also held in Matter of Carlson, 580 F.2d 1365 (10th Cir. 1978).
 
 
 6
 Since we detect no deficiency in the application or the affidavit, the warrant should have issued upon the ex parte application of the United States on behalf of the Internal Revenue Service. The proceeding should not have been converted into an adversary one or prolonged over a period of years while taxes presumptively due and owing remain uncollected.
 
 
 7
 We are not unsympathetic with the district judge's concern over the possibility that the revenue agents, after an authorized entry, might make an excessive levy. The agents act under administrative instructions designed to protect taxpayers from oppressively excessive levies, but they must be left with a substantial amount of discretion, for, in advance of entry, they cannot determine the condition or the probable value at a forced sale of personal property they will find. If the sale produces more than enough to satisfy the tax liabilities, the excess, of course, belongs to the taxpayer. 26 U.S.C.A. § 6342(b). Moreover, these and other taxpayers usually can avoid possible adverse effects of forced sales by paying their tax liabilities to the extent that they can even though that may involve the negotiation of private sales in order to raise funds with which to pay the taxes. Surely these taxpayers have had abundant opportunity to convert vehicles or equipment into cash with which to pay their tax obligations.
 
 
 8
 If any of the assessed taxes are in dispute, the taxpayers are not without administrative and judicial remedies to obtain a refund.
 
 
 9
 Accordingly, we reverse and remand for further consideration of the government's warrant application.
 
 
 10
 Since we have disposed of the appeal on the merits, we dismiss the petition for a writ of mandamus.
 
 
 11
 REVERSED AND REMANDED: PETITION DISMISSED.