UNITED STATES of America, Plaintiff-Appellee,

v.

Lois Elizabeth Rabe SARMAN and Edwin Carl Sarman, Co-Executors of the Estate of Elizabeth Schultz Rabe, Defendants-Appellants.

No. 82–4084.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 16, 1982.

Decided Jan. 4, 1983.

Shirley Smith, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Stephen Fuerth, Glenn L. Archer, Jr., Michael Paup, Dept. of Justice, Tax Div., Washington, D.C., for defendants-appellants.

Before MERRILL and FERGUSON, Circuit Judges, and GRANT,* District Judge.

PER CURIAM:

■ 1. There is no merit in Appellants' contention that the District Court was without jurisdiction to foreclose the government's tax lien because exclusive jurisdiction was vested in the Nevada State Probate Court. Under 28 U.S.C. §§ 1340 and 1345, Federal District Courts have jurisdiction to enforce federal tax liens. The Nevada Probate Court had explicitly granted leave to the United States to proceed to foreclose its tax lien in federal court. As

the District Court ruled, considerations of comity no longer obtained.

■ 2. There is no merit in Appellants' contention that foreclosure of tax lien was barred by the six-year statute of limitations, 26 U.S.C. § 6502(a)(1). By 26 U.S.C. § 6503(b), the running of the statute is suspended for the period during which the assets of the taxpayer are in the control of any court, and for six months thereafter. With estate property in the custody of the Nevada Probate Court, foreclosure of tax lien here would not have been time barred until September 7, 1985. *See generally United States v. Silverman,* 621 F.2d 961, 966 (9th Cir.1980), *cert. denied,* 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981).

■ 3. There is no merit in Appellants' contention that the tax assessment was not made within three years of the filing of the estate tax return under 26 U.S.C. § 6501. By 26 U.S.C. § 6503(a)(1), the running of the statute is suspended for the period during which proceedings respecting deficiencies are pending before the Tax Court until sixty days after the Tax Court decision becomes final. Here the Tax Court decision with respect to deficiencies was not rendered until November 5, 1976. The last jeopardy assessment was made August 19, 1975.

■ 4. It was neither error nor abuse of discretion to dismiss Appellants' counterclaim. It was not a compulsory counterclaim under Rule 13(a), F.R.Civ.P., because it was already the subject of a pending action in Nevada state courts. Further, it did not arise out of the same transaction as the government's foreclosure claim.

JUDGMENT AFFIRMED.

This suit has been pending since 1979. It involves assessments made in 1968 and 1975. In our judgment, the issues presented on this appeal do not warrant further delay. It is ordered that mandate issue forthwith.

---

* Honorable Robert A. Grant, Senior District Judge, United States District Court for the Northern District of Indiana, sitting by designation.