**In the Matter of the TAX INDEBTEDNESS OF STEPHENS EQUIPMENT CO., INC., Debtor.**

**No. MCV 85–70–M–CCL.**

United States District Court,
D. Montana,
Missoula Division.

Nov. 14, 1985.

---

Klaus Richter, Asst. U.S. Atty., Billings, Mont., for U.S.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

On September 25, 1985, the United States Attorney submitted an application for an order allowing IRS agent Craig D. Carrier to enter the business premises of the taxpayer, Stephens Equipment Co., for the purpose of seizing such property as may be found therein which is subject to levy for unpaid taxes. Accompanying the application is the affidavit of Carrier, stating in pertinent part that an assessment of tax has been made against the taxpayer; notice and demand for payment have been served; the taxpayer failed to pay the amount due within ten days and continues to refuse to do so; a statutory lien has arisen on the property of the taxpayer for which levy may be made; and notice of intention to levy was served on the taxpayer who declined to give the IRS permission to enter and make levy.

Prior to 1976, the IRS followed the purely administrative practice, authorized by the Internal Revenue Code (the "Code"), of seizing any property found in the possession, custody, or control of the person against whom the tax had been imposed. *Matter of Carlson*, 580 F.2d 1365, 1369 (10th Cir.1978). Code Section 6331 authorizes the IRS to collect taxes for which a taxpayer is liable "by levy upon all property and rights to property . . . belonging to such person." The term "levy" is defined to include "the power of distraint and seizure *by any means.*" 26 U.S.C. § 6331(b) [emphasis added]. In 1976, the Supreme Court of the United States held that § 6331 does not "giv[e] carte blanche for warrantless invasions of privacy." *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 358, 97 S.Ct. 619, 631, 50 L.Ed.2d 530, 547 (1976). In particular, the Court held that the Fourth Amendment was violated by the warrantless entry into a corporation's business office by IRS agents who seized property therein in partial satisfaction of assessments for a federal income tax deficiency, and that such warrantless intrusions into privacy are not justified by the provisions of § 6331.

■ *G.M. Leasing* is the basis for applications such as the one filed in this case. Under that decision, the IRS is required to obtain a "search warrant" before entering the private premises of a taxpayer to effect a levy on the taxpayer's property. The Circuit Courts have construed *G.M. Leasing* as authorizing the Government to effect a seizure of property without obtaining court permission if the property is located in a public place, but prohibiting the Government from "enter[ing] private premises to search for property subject to such a seizure without a prior judicial determination that such an intrusion is justified." *Matter of Campbell*, 761 F.2d 1181, 1186 (6th Cir.1985).

Jurisdiction of the district courts to issue such a "warrant" upon the *ex parte* application of the Government exists under 28 U.S.C. § 1340 and 26 U.S.C. § 7402(a). *Matter of Carlson, supra.*, 580 F.2d at 1373. The Ninth Circuit Court of Appeals, in a different situation, has held that district courts have jurisdiction under 28 U.S.C. §§ 1340 and 1345 to enforce federal tax liens. *United States v. Sparman*, 699 F.2d 469 (9th Cir.1983).

*G.M. Leasing*, while setting forth the general rule that a warrant is necessary for tax levies on private property, failed to leave the lower courts with any guidance as to what standard must be applied before such an order will issue. Generally, the courts have held that, upon the *ex parte* application of the Government, the court must determine "whether the application and supporting affidavit exhibit 'probable cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid taxes.' " *Matter of Campbell, supra.*, 761 F.2d at 1186; *United States v. Shriver*, 645 F.2d 221, 222; *Matter of Carlson, supra*, 580 F.2d 1365. The problem that arises is what constitutes a showing of probable cause.

In *United States v. Shriver, supra.*, IRS agents sought in district court and were denied an "Order to Enter" upon the farm of the taxpayers for the purpose of levying upon trucks and equipment to satisfy the taxpayers' obligations for assessed but unpaid taxes. The Fourth Circuit Court of Appeals reversed, holding that the warrant should have issued upon the *ex parte* application of the Government. The court held sufficient the affidavit of an IRS agent which stated that taxes, together with interest and penalties, aggregating approximately $15,000.00 had been assessed against the taxpayers; that the taxpayers had been notified of these assessments and payment demanded; that the assessments had not been paid; that on their farm were trucks, farm equipment and excavating equipment belonging to the taxpayers; and that the taxpayers had refused to permit entry upon the farm for the purpose of levying upon the personal property to satisfy the tax assessments. Of note are the circuit court's statements that "[t]he proceeding should not have been converted into an adversary one or prolonged over a period of years while taxes presumptively due and owing remain uncollected," and that the revenue agents "must be left with a substantial amount of discretion, for, in advance of entry, they cannot determine the condition or the probable value at a forced sale of personal property they will find." *Shriver*, 645 F.2d at 222.

The Sixth Circuit Court of Appeals upheld a district court's order of entry upon the showing of facts that the IRS had assessed the taxes in question; had made repeated demands for payment of the taxes by formal, written notice; had attempted to obtain the taxpayer's consent to enter the premises to seize property; and the belief of the revenue agent that there were automobiles on the premises that could be seized in payment of the assessments. *Matter of Campbell, supra.* 651 F.2d at 1186.

In *Matter of Carlson, supra.*, the Court of Appeals for the Tenth Circuit discussed *G.M. Leasing* at length, concluding that it requires a showing of probable cause similar to that required in the context of administrative investigations under the rule of *Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). Thus, the court held that in determining whether an order of entry should be issued allowing revenue agents to enter the taxpayer's private property to effect a levy for unpaid taxes, that degree of probable cause required to support a criminal search warrant was not necessary. *Carlson*, 580 F.2d at 1377. Rather, the court held that the necessary standard to be used is that of an administrative search:

> "the probable cause required to support a particular inspection [search] in relation to the enforcement of municipal health, housing or fire regulations is reasonable if the public need for effective enforcement of the particular regulations involved justifies the intrusion, weighed in relation to the reasonable goals of the codes or statutes.[']"

*Id.*, at 1378. The court did not decide whether the affidavit submitted by the revenue agent was sufficient to find probable cause under this standard, but remanded the case to the district court for such determination.

Shortly after the Tenth Circuit decided *Carlson*, a district court in the Ninth Circuit held that it would not follow the Carlson "administrative search" rule. In *Matter of Gerwig*, 461 F.Supp. 449 (C.D.Cal. 1978), the district court had before it an *ex parte* application of the United States Attorney for an order authorizing IRS agents to enter into the taxpayer's premises to effect a levy. The revenue agent's affidavit, attached as an appendix to the court's opinion, is substantially verbatim to the affidavit filed with this Court, except that the *Gerwig* affidavit included *additional* facts regarding specific items of property expected to be found on the premises. The court refused to grant the requested order, holding that "[w]ith due respect [to *Carlson* ], this court feels that the Supreme Court in *G.M. Leasing* spoke of *search warrants*, not *administrative warrants.*" *Id.*, at 451 [emphasis in original]. Thus,

the court held that the probable cause required in a tax case is the same as that required in a criminal case. *Id., citing, Flores v. United States,* 551 F.2d 1169, 1174–1175 (9th Cir.1977).

 The affidavit submitted in *Gerwig* was rejected as lacking the "requisite specificity." *Gerwig,* 461 F.Supp. at 452.

The Courts cannot be used to rubber-stamp applications for search warrants that lack sufficient specificity to enable the judge to make an independent determination of whether probable cause exists to believe that:

(1) An assessment of tax has been made against the taxpayer;

(2) Notice and demand have been properly made;

(3) The taxpayer has neglected or refused to pay said assessment within ten days after notice and demand; and

(4) Property, subject to seizure, presently exists at the premises sought to be searched and that said property either belongs to the taxpayer or is property upon which a lien exists for the payment of the taxes.

*Id.* I cannot conclude that *Gerwig* is incorrect. Considering *G.M. Leasing, Gerwig,* and the other authorities cited above, it is my opinion that an application for an order to enter the private premises of a taxpayer to effect a levy on the taxpayer's property must contain specific facts providing the following information:

1. An assessment of tax has been made against the taxpayer, including the date on which the assessment was made, the amount of the assessment, and the taxable period for which the assessment was made;

2. Notice and demand have been properly made, including the date of such notice and demand and the manner in which notice was given and demand made;

3. The taxpayer has neglected or refused to pay said assessment within ten days after notice and demand;

4. Property, subject to seizure and particularly described, presently exists at the premises sought to be searched and that said property either belongs to the taxpayer or is property upon which a lien exists for the payment of the taxes; and

5. Facts establishing that probable cause exists to believe that the taxpayer is liable for the tax assessed. *Bothke v. Fluor Engineers and Constructors, Inc.,* 713 F.2d 1405, 1414 (9th Cir.1983).

 The role of the district court in issuing an order for the seizure of property in satisfaction of tax indebtedness is substantially similar to the court's role in issuing a criminal search warrant. In either case, there must be a sufficient showing of probable cause. I conclude in this case that the affidavit and application submitted do not meet the probable cause requirements of *G.M. Leasing* and its progeny.

THEREFORE, IT IS HEREBY ORDERED that the application is DENIED as inadequate to support a finding of probable cause. The government shall be permitted to file a new application and affidavit consistent with the standards set forth above.