**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**SEAFARE CORPORATION,**
Defendant–Appellant,

and

**Trenor Corporation; Central Fidelity Bank, Defendants.**

No. 86–1183.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 2, 1987.

Decided Oct. 16, 1987.

See also, D.C., 614 F.Supp. 525.

John G. Trimpi (C. Everett Thompson, II, Elizabeth City, N.C., on brief), for defendant-appellant.

Barbara Brandon Weyher (Joseph Walker Yates, III, Raleigh, N.C., on brief) for plaintiff-appellee.

Before WIDENER and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

WIDENER, Circuit Judge:

Seafare Corporation (Seafare) appeals the granting of summary judgment against it and in favor of plaintiff St. Paul Fire and Marine Insurance Company (St. Paul) by the United States District Court for the Eastern District of North Carolina. We vacate the judgment of the district court and remand for that court to hold this proceeding in abeyance until the constructive trust claims pending in the state court are resolved.

At issue in both this proceeding and the one pending in the state court of North Carolina is the claim to certain insurance proceeds to be paid on a policy covering the Seafare Restaurant (restaurant) in Nags Head, North Carolina. The Seafare Restaurant burned on August 23, 1984. Prior to 1983, the restaurant was owned by Seafare. In that year, Seafare conveyed the restaurant to William A. Stafford, who in turn conveyed the property to Trenor Corporation. Trenor took possession of the restaurant in March 1983 and continued in

possession until the restaurant was destroyed by fire. St. Paul insured the restaurant against loss including loss by fire. While Central Fidelity Bank held a mortgage on the property, it was not listed as a loss payee on the insurance policy. Trenor was the only one listed on that policy as the named insured.

On or about September 1984, Seafare filed a state civil action in the Dare County, North Carolina Superior Court against Trenor, St. Paul and others.[1] Seafare claimed that the transfer of the restaurant from Stafford to Trenor was fraudulent because Stafford had taken title of the restaurant only as a fiduciary for Seafare's benefit in order to aid the financially distressed Seafare. Seafare sought to have the transaction set aside. Seafare alleged that it was entitled to a constructive trust on Trenor's insurance proceeds to be paid by St. Paul.

In March 1985, St. Paul filed the instant declaratory judgment action seeking to adjudicate all of the claims to the insurance proceeds payable on account of the restaurant fire. In its complaint, St. Paul alleged that it was not obligated to pay the proceeds to Trenor because Trenor intentionally set the fire that destroyed the restaurant. St. Paul claimed that it was under no obligation to pay the proceeds to either Central Fidelity Bank or Seafare because neither was a named insured or loss payee on the policy and that both were subject to St. Paul's claimed arson defense as to Trenor.

Seafare answered that it was entitled to the insurance proceeds because of Trenor's fraud.[2] Additionally, Seafare referred to the suit it had initiated in state court that was still pending at that time.

■ Prior to trial, St. Paul moved, pursuant to Fed.Civ.Proc. 56, for summary judgment against Seafare and Central Fidelity Bank.[3] In opposing the motion, Seafare argued that it was entitled to recovery based upon a constructive trust theory and the doctrine of trust pursuit. Under the doctrine of trust pursuit, the beneficiary of a constructive trust may assert his rights in the proceeds from the disposition of trust property. These proceeds must be capable of being traced through any intermediate transfers, but even property which has been converted from one form to another (e.g. from a restaurant, to the charred remains of the restaurant, to the insurance proceeds, as here) may be so pursued. See *Edgecombe Bank & Trust Co. v. Barrett*, 238 N.C. 579, 78 S.E.2d 730 (1953); see generally 5 Scott, *The Law of Trusts* § 521 (3rd ed. 1967). The district court rejected Seafare's contentions and granted summary judgment in favor of St. Paul, concluding that "There is nothing in either St. Paul's complaint or Seafare's answer that gives rise to such a claim [constructive trust and trust pursuit claims] in the action. Further, Seafare has not filed any counterclaim or cross-claim."

■ We conclude that the district court erred in granting summary judgment against Seafare. Seafare was not required to counterclaim and thereby litigate its fraud, constructive trust, and trust pursuit claims in this action because it already had a pending state court action raising these very issues. Seafare had referred to its pending state court action in its answer to St. Paul's complaint, and a copy of that state court complaint was submitted to the district court for consideration.

FRCP 13(a) provides, with respect to a compulsory counterclaim, that "... the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action...." Since Seafare's claim was "the subject of another pending action" in the state court, the district court erred in granting summary judgment against Seafare while its claims were pending in the

---

1. Central Fidelity Bank also filed a suit in the Dare County, North Carolina Superior Court seeking reformation of the insurance policy so that it could be named as a loss payee beneficiary and that it thereby recover from St. Paul enough of the insurance proceeds to cover payment of the outstanding mortgage it held on the property.

2. Seafare also claimed fraud on the part of Central Fidelity Bank. That claim is not relevant to this appeal.

3. Central Fidelity Bank, Trenor Corporation and St. Paul eventually entered into a settlement of all their claims.

state court. Accord, *United States v. Sarman,* 699 F.2d 469 (9th Cir.1983) (a claim in a state court is "another pending action" under Rule 13(a)).

The policy defense St. Paul asserted in this declaratory judgment action was arson on the part of Trenor. Yet that matter has never been adjudicated, and St. Paul's settlement with Trenor and Central Fidelity with full knowledge of Seafare's constructive trust and trust pursuit claims as to the insurance proceeds, coupled with summary judgment against Seafare, would effectively bar Seafare from ever litigating the merits of its claim against St. Paul although it complied with every rule of federal procedure.

We are of opinion that, on remand, the district court should hold this case in abeyance pending the outcome of Seafare's constructive trust and trust pursuit claims in the state court. If Seafare prevails in the action in the state court, then the district court should try the arson policy defense.

VACATED AND REMANDED WITH INSTRUCTIONS.