**In the Matter of the Tax Indebtedness of STUBBLEFIELD, INC., dba: The Donner House.**

**Ex Parte UNITED STATES of America and Deborah Glover, Applicants for order.**

**Misc. No. 91–220 DFL GGH.**

United States District Court, E.D. California.

Sept. 29, 1992.

Yoshinori H.T. Himel, George O'Connell, Sacramento, CA, G. Patrick Jennings, U.S.

Dept. of Justice, Tax Div., Washington, DC, for U.S. and Deborah Glover.

## ORDER

LEVI, District Judge.

The Internal Revenue Service ("IRS") seeks a warrant to enter the business premises and seize the property of an allegedly delinquent taxpayer. The magistrate judge refused to authorize the IRS to seize all "property belonging to said taxpayer," but rather limited the IRS to seizure of property specifically identified in the declaration of Deborah Glover, the revenue officer. The IRS now seeks reconsideration of the magistrate's decision.

According to Glover's declaration, which was submitted in support of the application for an order to enter and seize, Stubblefield, Inc. operates a public restaurant called the Donner House and is a tax-delinquent business. The tax deficiency at issue consists of some $172,882 in employment tax liabilities. In October 1991, the IRS sought a writ of entry to enter the Donner House restaurant and seize items to sell in partial satisfaction of the tax liability. The power to levy—to seize and sell property—is provided to the IRS by 26 U.S.C. § 6331. Glover's declaration lists numerous items of restaurant equipment that the revenue officer observed at the premises and which she confirmed belonged to the taxpayer. The magistrate judge issued an order permitting entry but seizure only of those items specifically identified in the declaration.

The IRS argues that there is a fundamental distinction between entry upon private property and seizure of property once entry has been made. The IRS suggests that while entry into private premises is only lawful upon a warrant, the decision as to what property may be seized, once entry

has been made, is not subject to prior judicial determination.[1] Thus, it is the government's position that once the IRS has established probable cause to believe that property subject to seizure may be found at the premises, and that the formal requirements of the levy statutes have been met,[2] the IRS may seize any property which it determines belongs to the taxpayer and which is not exempted by statute from seizure. 26 U.S.C. § 6334. The IRS argues that the magistrate judge therefore committed error in limiting the IRS' seizure authority to those items specifically listed in the declaration of Agent Glover.

Although the position advocated by the IRS is plausible and has attracted some support in the Fourth Circuit, *see United States v. Shriver*, 645 F.2d 221 (4th Cir. 1981),[3] the Ninth Circuit has rejected the contention that once inside the premises the IRS has unlimited authority to search for and seize property subject to seizure. In *Matter of Gerwig*, 461 F.Supp. 449 (C.D.Cal.1978), the district court held that the IRS must demonstrate that probable cause exists to seize identified property:

> The courts must be concerned as to whether the assets seized belong in some way to the taxpayer, i.e., whether he or she has an interest in it. The courts cannot be used to rubber-stamp applications for search warrants that lack sufficient specificity to enable the judge to make an independent determination of whether probable cause exists to believe that ... [p]roperty, subject to seizure, presently exists at the premises sought to be searched and that *said property* either belongs to the taxpayer or is property upon which a lien exists for the payment of the taxes.

*Id.* at 452 (emphasis added). The court also held that the entry warrant must not permit the IRS uncontrolled discretion to rum-

---

1. The IRS notes that the taxpayer or a third party may contest a levy following seizure. *See* 26 U.S.C. § 7426 (third person); 26 U.S.C. § 6342(b) (taxpayer entitled to any excess from sale); 26 U.S.C. § 6337 (redemption of property by taxpayer); *United States v. Rodgers*, 461 U.S. 677, 682–83, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983) ("it is up to the taxpayer, if he so chooses, to go to court if he claims that the assessed amount was not legally owing").

2. The levy scheme requires a showing of assessment, notice and demand, and neglect or refusal to pay. 26 U.S.C. § 6331.

3. *Cf. Matter of Carlson*, 580 F.2d 1365 (10th Cir.1978).

mage through the premises but must provide some limits on the area or items searched while recognizing that the IRS cannot be limited to a specific list of items subject to seizure.

The Ninth Circuit expressly adopted the *Gerwig* balancing approach in *United States v. Condo*, 782 F.2d 1502 (1986). In *Condo* the court held that the balancing of the taxpayer's interest in privacy against the need of the IRS for efficient tax collection must be undertaken by the court subject to the same standards that apply to search warrants in criminal cases. In language directly at odds with the position here advocated by the IRS, the court noted that the district court must do more than assure itself that some one item of property may be seized:

> The IRS application must have sufficient specificity to enable the judge to make an *independent determination* of whether probable cause exists and to prevent the agents from having uncontrolled discretion to rummage everywhere in search of seizable items once lawfully within the premises.

*Id.* at 1505 (emphasis in original). The court in *Condo* also endorsed the suggestion in *Gerwig* that "it would be too burdensome to require in all cases a specific list of what the IRS plans to seize but '[o]bviously there is a difference between seizing the taxpayer's liquor licenses, desks, or chairs and seizing his filing cabinet or private desk which may contain private papers (or perhaps searching the papers to see if other seizable items exist). To do the latter would require an additional showing.'" *Id.* quoting *Gerwig*, 461 F.Supp. at 453.

■ A number of principles can be gathered from the approach stated in *Condo*. First, the IRS may not use an entry warrant, predicated upon probable cause to seize specifically identified items, to rummage without limit in the taxpayer's premises and papers. Second, the warrant application and the conduct of the search are subject to standards established for criminal search warrants. Third, the IRS need not specifically identify each and every item it intends to seize.

■ These principles are not entirely consistent if given full rein. This is particularly true of the first and third principles. But these competing considerations can be reconciled and balanced in orders fashioned for particular cases in their specific circumstances. Sometimes the area to be searched may be circumscribed. In other cases, the kinds of items to be searched or seized—such as filing cabinets—may be restricted. The plainest reconciliation of the prohibition on rummaging and the permission to list less than all items is to permit the IRS to seize the identified items as well as items of a similar character. Thus, in this case, the IRS has established probable cause to search for and seize certain identified items of restaurant equipment. In the circumstances here, the IRS also has established probable cause to seize similar items in addition to those listed. For example, the declaration lists one stereo system with four speakers. Any other stereo system or additional speakers could also be seized. Similarly, other restaurant equipment or furnishings are also seizable. This approach is consistent not only with *Condo* but also with the plain view doctrine in criminal searches. Nor will such an approach unduly burden the IRS. In most cases the warrant will cover all property located. If additional property, not covered by the warrant, is located or its existence suspected in the course of the search, the IRS may seek a supplemental warrant.[4]

The IRS is entitled to an order that permits entry into the premises of Stubblefield, Inc. and seizure of the listed items as well as other inventory, equipment, and furnishings of a restaurant which belong to the taxpayer and which are subject to levy.

The matter is remanded to the magistrate judge for entry of an order consistent with this opinion.

IS SO ORDERED.

---

4. In exigent circumstances such a supplement may not be necessary.