981 F.2d 1245
 71 A.F.T.R.2d 93-759
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
In Re: Michael HAGGERT, Appellant.
 No. 92-1519.
 United States Court of Appeals,
First Circuit.
 December 22, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Michael Haggert on brief pro se.
 A. John Pappalardo, Acting United States Attorney, James A. Bruton, Acting Assistant Attorney General, Gary R. Allen, David English Carmack, and S. Robert Lyons, Attorneys, Tax Division, Department of Justice, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 On August 12, 1991, the Internal Revenue Service ("IRS") brought an ex parte application in the district court for a writ authorizing the IRS to enter the business premises of appellant Michael Haggert so that the IRS could effectuate its levy upon, and seize, Haggert's property in satisfaction of Haggert's federal tax liability. On the same day, a magistrate judge signed an order permitting the entry. Following the IRS' seizure of Haggert's property pursuant to this order, Haggert, proceeding pro se, filed in the district court on August 27, 1991, a "Motion to Rescind Order and Restore to Equity," in which he requested the return of the seized property. The district court denied this motion on September 19, 1991. On October 31, 1991, Haggert filed a motion captioned, "Notice, Offences, Demands and Remedy," in which he argued that the IRS' levy upon his property had been illegal, requested the imposition of various criminal penalties against the IRS agents involved, and damages from the federal government under 42 U.S.C. § 1983. On March 24, 1992, the district court denied the motion on two grounds: (1) the district court lacked jurisdiction over the motion, and (2) the substantive arguments raised by Haggert were frivolous and "have been rejected as frivolous by every court which has considered them." Haggert appeals. We affirm, on the grounds relied on by the district court.
 
 I. JURISDICTION
 
 2
 Initially, the government argues that Haggert could not raise his claims in the form of post-seizure motions in an ex parte proceeding brought by the IRS to enter Haggert's premises. Since the sole issue in such an ex parte proceeding is whether the IRS showed probable cause to enter a taxpayer's premises and seize property to satisfy tax liability, see United States v. Shriver, 645 F.2d 221, 222 (4th Cir. 1981), the government argues that the ex parte proceeding is concluded once the writ of entry has been granted. Thus, the district court would have no jurisdiction over post-seizure motions purportedly brought by the taxpayer in the ex parte proceeding.
 
 
 3
 We need not resolve this technical question because we agree with the district court that there was no basis for district court jurisdiction over Haggert's claims, whether those claims are treated as post-seizure motions in the ex parte proceeding or, instead, as an entirely new action filed by Haggert in the district court.
 
 
 4
 In part, Haggert's motions appear to request that the IRS refund to Haggert the amounts seized by the IRS to satisfy unpaid taxes, on the ground that Haggert did not in fact owe those taxes. In order to seek such a refund in the district court, however, a taxpayer first must pay the full amount of the tax owed and file an administrative claim with the IRS for a refund. 28 U.S.C. § 1346(a)(1). Haggert has not done this. Nor did Haggert file a claim in the Tax Court for review of Haggert's tax liability before payment, as is permitted by 26 U.S.C. § 6213(a).
 
 
 5
 To the extent Haggert's motions could be construed as a suit to recover for wrongful levy on Haggert's property, the district court has no jurisdiction because 26 U.S.C. § 7426(a)(1) provides that only a third party can bring a suit for wrongful levy. A taxpayer, like Haggert, cannot maintain such a suit.
 
 
 6
 Haggert's motions also seek criminal penalties against the IRS agents involved in the seizure of Haggert's property. It is well settled, however, that only the Attorney General of the United States or his delegee may initiate a prosecution for violation of federal criminal laws. See Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375, 379-82 (2nd Cir. 1973).
 
 
 7
 Finally, Haggert requests damages under 42 U.S.C. § 1983 on the ground that the seizure of his property was illegal because the IRS did not demonstrate probable cause to justify the writ of entry. Haggert's § 1983 claim, however, is against the U.S. Government only. Haggert has not served any IRS agents or other government employees with process as to any claim under § 1983. The government enjoys sovereign immunity against Haggert's claim, since § 1983 does not provide for any waiver of that immunity. See Hall v. United States, 704 F.2d 246, 251-52 (6th Cir.) cert. denied, 464 U.S. 1002 (1983). Also, section 1983 permits damages actions against persons acting under color of state law, and not against persons acting under federal law. Chatman v. Hernandez, 805 F.2d 453, 455 (1st Cir. 1986); Zernial v. United States, 714 F.2d 431, 435 (5th Cir. 1983). The IRS, of course, acts under federal, not state law. Nor could Haggert bring a Bivens claim, since the federal government enjoys sovereign immunity against Bivens claims as well, Nuclear Transport & Storage, Inc. v. United States, 890 F.2d 1348, 1352 (6th Cir. 1989), cert. denied, 494 U.S. 1079 (1990), and since the tax statutes themselves foreclose Bivens claims by providing adequate remedies for improper assessment of tax liability. Cameron v. IRS, 773 F.2d 126, 129 (7th Cir. 1985).
 
 II. THE MERITS
 
 8
 As the district court ruled, even if the district court had jurisdiction, Haggert's claims were meritless in any event. We will briefly consider each of Haggert's arguments in turn.
 
 
 9
 First, Haggert attacked the sufficiency of the affidavit of Revenue Officer John Mello in support of the IRS' application for the writ of entry on Haggert's premises. Haggert contends that the affidavit is unacceptable hearsay.
 
 
 10
 The affidavit of Revenue Officer Mello does indeed contain hearsay. In the affidavit Revenue Officer Mello states, "I have been advised of the following by Revenue Officer Bruce Boyson, whom I know and believe to be a reliable source of this information." The affidavit then goes on to set forth the evidence in support of the application for the writ of entry. This evidence, in sum, was that Haggert had been issued tax assessments and notices of deficiency for the unpaid tax liability in question; that Haggert had neglected or refused to pay the taxes assessed for over ten days; that Haggert had been issued a notice of the IRS' intention to levy on his property; that Haggert leased the business premises on which entry was sought; that Revenue Officer Boyson had personally observed office fixtures and furnishings on these premises, which were among the items to be seized; that Boyson had verified that Haggert owned these items because both Haggert's landlord and a Uniform Commercial Code filing at the Secretary of State's office said so; and that Haggert had refused Boyson's request for consent to enter the premises for the purposes of levying on Haggert's assets.
 
 
 11
 Even in an application for a warrant to enter premises to search for evidence of criminal activity, reliance in an affidavit upon hearsay information to establish probable cause is permissible. A search warrant may be issued on the basis of hearsay information, consistent with the fourth amendment, if issuance of the warrant is justified by the totality of the circumstances.
 
 
 12
 The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed. Jones v. United States, 362 U.S., at 271.
 
 
 13
 Illinois v. Gates, 462 U.S. 213, 238-39 (1983).
 
 
 14
 There is disagreement among the circuits whether an IRS application for a writ of entry is subject to the probable cause standards applied to search warrants in the criminal law setting under Gates, id., or is instead subject to the less exacting probable cause standards governing administrative searches, see Marshall v. Barlow's, Inc., 436 U.S. 307, 320-21 (1978); United States v. Blanchard, 495 F.2d 1329, 1331 (1st Cir. 1974). Compare United States v. Condo, 782 F.2d 1502, 1505 (9th Cir. 1986) (applying criminal standards), with In the Matter of Carlson, 580 F.2d 1365, 1376-81 (10th Cir. 1978) (applying administrative standards). Even under the criminal standards, however, we could readily find "that the magistrate had a substantial basis for concluding that probable cause existed." Gates, supra, 462 U.S. at 238-39 (quotation and citation omitted).
 
 
 15
 The hearsay statements in Revenue Officer Mello's affidavit were not those of an unidentified informant, but of a named IRS Revenue Officer, Bruce Boyson, whose business address and telephone number are given in an attached "seizure data sheet." The magistrate judge had ample reason, therefore, for confidence in the veracity and reliability of the hearsay declarant. See United States v. McCormick, 309 F.2d 367, 372 (7th Cir. 1962), cert. denied, 372 U.S. 911 (1963) ("information ... communicated in the course of official business by [FBI] agents among themselves ... is [not] excluded by the hearsay rule ... so as to require the quashing of a search warrant issued upon the affidavit of one of the agents setting forth his reliance upon such information").
 
 
 16
 In addition, Mello's affidavit adequately sets out the basis of the hearsay information provided by Boyson. Giving the affidavit the "practical, common-sense" reading required by Gates, supra, 462 U.S. at 238, it is implicit in the affidavit that the assertions that Haggert received various required IRS assessments and notices, which Haggert neglected or refused to pay, were derived from IRS records maintained in the course of official business. Similarly, Boyson's hearsay assertion that the office fixtures and furnishings belonged to Haggert was supported by a Uniform Commercial Code filing and by Haggert's landlord. Although this would appear to be double hearsay, double hearsay is permissible in such an affidavit if adequate indicia of reliability are present. United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir. 1986). A Uniform Commercial Code filing certainly carries ample indicia of reliability. Boyson's other statements were based on personal knowledge or observation. If we had jurisdiction to consider the issue, therefore, we would have no difficulty in finding a substantial basis for the magistrate judge's determination that the affidavit was adequate to establish probable cause.
 
 
 17
 Haggert also argues that the affidavit was insufficient to support the writ of entry because the IRS did not submit the actual notices of deficiency and tax assessments against Haggert. The affidavit, however, stated that notices of deficiency and tax assessments had been issued to Haggert for the unpaid tax liability in question. This was adequate, as the magistrate judge found, to establish probable cause to believe that Haggert's property was subject to levy by the IRS. Actual production of the documents was not required.
 
 
 18
 Haggert's other points, as the government notes, were all well-worn tax-protestor arguments repeatedly rejected by the courts. Haggert argued that he was not a taxpayer, and owed no income tax, because his wages were not income; that he did not live within the jurisdiction of the IRS, which is limited to Washington, D.C.; that the income tax is a volunteer tax by self-assessment, and he had not chosen to volunteer; that the income tax is an excise tax; and that application of the Internal Revenue Code to tax Haggert would be unconstitutional. These arguments are meritless, indeed silly, on their face. See, e.g., Cheek v. United States, 111 S. Ct. 604, 612-13 (1991); In re Becraft, 885 F.2d 547 (9th Cir. 1989); Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988); Sullivan v. United States, 788 F.2d 813, 815 (1st Cir. 1986).
 
 
 19
 The government's request for the imposition of sanctions on Haggert, who has no record of repeated frivolous filings in this court, is denied.
 
 
 20
 The judgment of the district court is affirmed.