DENNIS, Circuit Judge,
concurring:
I agree that the magistrate judge erred in failing to apply the proper burden-shifting analysis and that the case should be remanded so that Oxford may have the opportunity to demonstrate that the levy was wrongful. I write, separately because this appeal presents an issue that courts have had few opportunities to address, viz., the evidentiary criterion necessary to sustain the IRS’s initial imposition of a levy upon property. It is indisputable that a levy is a seizure of property. See 26 U.S.C. § 6831(b) (“the term ‘levy’ as used in this title includes the power of distraint and seizure by any means”). The Supreme Court has clearly held that seizures of property, whether made pursuant to a search or not, are subject to the limitations of the Fourth Amendment regardless of any additional protections that may be afforded by the Fifth Amendment. See Soldal v. Cook County, Ill., 506 U.S. 56, 63, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992) (“our cases unmistakably hold that the [Fourth] Amendment protects property as well as privacy.”); United States v. Paige, 136 F.3d 1012, 1016 (5th Cir.1998). Thus, it appears that as a threshold matter the Fourth Amendment requires that the IRS have probable cause to believe that the property to be levied upon is actually owned by the delinquent taxpayer.
The Supreme Court has never directly addressed the issue of whether the exis *287 tence of such probable cause is necessary before the IRS may levy upon property. However, the Court has held that a judicial warrant is mandated under the Fourth Amendment before the IRS may enter a taxpayer’s home to seize assets pursuant to a properly issued levy. See G.M. Leasing Corp. v. United States, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). Although the Court did not directly address the issue, in G.M. Leasing it assumed that a showing of probable cause to believe the targeted property belonged to the taxpayer was necessary before a levy thereon may properly issue, stating:
We therefore approach this case accepting the Court of Appeals’ determinations that the assessments and levies were valid and that petitioner was Norman’s alter ego. Those facts necessarily establish probable cause to believe that assets held by petitioner were properly subject to seizure in satisfaction of the assessments. Petitioner does not claim that there was no probable cause to believe that the automobiles were held by petitioner, nor does it claim that there was no probable cause to believe that its offices would contain other seizable goods. There being probable cause for the search and seizures, the only questions before the Court are whether warrants were required to make “reasonable” either the seizures of the cars or the entry into and seizure of goods in the cottage.
Id. at 351, 97 S.Ct. 619 (emphasis added).
The circuits that have addressed this issue have consistently recognized this implicit holding in G.M. Leasing and have held that the IRS must make a showing of probable cause at the time a levy is imposed to comply with the Fourth Amendment. See Valley Finance, 629 F.2d 162, 171 (D.C.Cir.1980); Flores v. United States, 551 F.2d 1169, 1174 (9th Cir.1977). Specifically, the Ninth Circuit in Flores held:
We start by observing that just as police need probable cause to believe that evidence sought is to be found in the area to be searched and that such evidence relates to a crime, so, too, the Internal Revenue Service needs probable cause at the time assets are initially seized to connect those assets to a taxpayer with outstanding taxes due.
Flores, 551 F.2d at 1174. In describing the policy behind such a requirement, the Ninth Circuit noted:
Were this not the case, the taxes of a California resident could be collected from a totally unrelated person in New York, and the New Yorker would be forced to prove a negative fact about which he has absolutely no information, i.e., that the Californian has no interest in his property.
Id. at 1175 (citing Elkins v. United States, 364 U.S. 206, 218, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960) (“as a practical matter it is never easy to prove a negative”)). The District of Columbia Circuit has employed similar reasoning. See Valley Finance, 629 F.2d at 171 n. 19 (“A government showing of probable cause, familiar in other Fourth Amendment settings, can rebuff immediate challenges to the propriety of a levy”).
Although not directly addressing the present issue, this circuit, in addition to many others, has cited Flores and Valley Finance with approval. See, e.g., LiButti v. United States, 107 F.3d 110, 118 (2nd Cir.1997); Texas Commerce Bank-Fort Worth v. United States, 896 F.2d 152, 156 (5th Cir.1990); Security Counselors, Inc. v. United States, 860 F.2d 867, 869 (8th Cir.1988); Morris v. United States, 813 F.2d 343, 345 (11th Cir.1987); Arth v. United States, 735 F.2d 1190, 1193 (9th Cir.1984); United States v. Bailey, 707 F.2d 19, 21 (1st Cir.1983). The other courts that have addressed this issue directly are markedly consistent in holding that the Fourth Amendment applies to all levies of property by the government, including tax levies. See, e.g., Andrews v. Crump, 984 F.Supp. 393 (W.D.N.C.1996); Colello v. United States Securities and *288 Exchange Commission, 908 F.Supp. 788 (C.D.Cal.1995); Matter of Stubblefield, 810 F.Supp. 277 (E.D.Ca.1992); TMG II v. United States, 778 F.Supp. 37 (D.D.C.1991) (Oberdorfer, J.); Peters v. Sjoholm, 95 Wash.2d 871, 631 P.2d 937 (1981).[1]
Such a finding is further supported by the background and history of the Fourth Amendment itself. The Supreme Court has noted that “one of the primary evils intended to be eliminated by the Fourth Amendment was the massive intrusion on privacy undertaken in the collection of taxes pursuant to general warrants and writs of assistance.” G.M. Leasing, 429 U.S. at 355, 97 S.Ct. 619. Commentators have generally agreed, finding that the intended purpose of the Fourth Amendment was to prevent abusive enforcement of the tax laws through the baseless seizure of property. See generally Erin Suzanne En-right, Comment, Probable Cause for Tax Seizure Warrants, 55 U.ChlL.Rev. 210, 234 (1988).
Accordingly, I believe that the Fourth Amendment applies to tax levies and mandates that the IRS develop probable cause to believe the property being levied upon is in fact the property of a delinquent taxpayer subject to a lien at the time the levy is imposed. Thus, because the Fourth Amendment applies to a levy as a seizure of property, a levy made without probable cause to believe the property seized belongs to the taxpayer amounts to an unconstitutional seizure and is thus wrongful for purposes of section 7426 regardless of any post hoc justification offered by the IRS. Failure to insist upon such probable cause as a prerequisite to an IRS levy would flout the principles of fairness and privacy embodied in the Fourth Amendment and the Supreme Court decisions in G.M. Leasing and Soldal.[2]
This does not mean that a third person may refuse to comply with a levy on the ground that it is not based on probable cause. See United Sand & Gravel Contractors v. United States, 624 F.2d 733 (5th Cir.1980). A third person has only two possible defenses or justifications for failure to comply with a levy: (1) that the third person is not in possession of property of the taxpayer or (2) that the property is subject to a prior judicial attachment or execution. See United States v. National Bank of Commerce, 472 U.S. 713, 727, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). This is *289 because “levy procedures do not determine ownership rights, and ... third parties whose assets are ‘wrongfully’ seized may apply to the government for the return of that property.” Texas Commerce, 896 F.2d at 157. Thus, a wrongful levy action under section 7426 is the exclusive remedy of a third person whose property has been seized without probable cause of a nexus between the property and the tax debtor. See United Sand & Gravel, 624 F.2d at 739.
On remand, I believe that if Oxford can demonstrate that the IRS levied upon its property without having developed probable cause at the time the levy was imposed to believe that the property being levied upon was, in reality, the property of RX, then the levy was wrongful under section 7426.

. This circuit has stated in dicta that tax seizures that do not involve the invasion of one's premises do not violate the Fourth Amendment. See Baddour, Inc. v. United States, 802 F.2d 801, 807 (5th Cir.1986). Such an argument was subsequently rejected by the Supreme Court in Soldal. Regardless, Baddour was a case brought under 42 U.S.C. § 1983 and not under section 7426 of the Internal Revenue Code. Thus, the holding in Baddour is solely that, at the time, the application of the Fourth Amendment to non-invasive tax levies was not sufficiently "clearly established” to overcome qualified immunity for purposes of section 1983.

. Such a requirement applies to traditional tax enforcement proceedings, however, and not to emergency "jeopardy assessments” where if "the Secretary believes that the assessment or collection of a deficiency ... will be jeopardized by delay, he shall ... immediately assess such deficiency.” 26 U.S.C. § 6861. "A taxpayer against whom a jeopardy assessment has been made may seek administrative review of the reasonableness and appropriateness of the assessment by requesting it within 30 days after the day on which the taxpayer is furnished a written statement of the information upon which the IRS relies in making a jeopardy assessment ... [Hollowing administrative review, the taxpayer may obtain expedited judicial review of the reasonableness of the IRS’s determination that collection of the taxes would be jeopardized by delay and of the propriety of the amount assessed.” Humphreys v. United States, 62 F.3d 667, 670 (5th Cir.1995) (per curiam). Such special procedures were implemented by Congress in response to the Supreme Court’s questioning of the constitutionality of jeopardy assessments without such prompt post-seizure hearings. See Boris I. Bittker and Lawrence Lokken, Federal Taxation of Income, Estates and Gifts ¶ 111.6.3 (3rd ed.1999) (citing Commissioner v. Shapiro, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976); Laing v. United States, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976)). There is no indication that the IRS pursued a jeopardy assessment in the present case, however.